## Mullins, et al. v. Moberly, et al.

(Decided November 22, 1911.)

### Appeal from Letcher Circuit Court.

1. Deeds—Construction of.—The object in construing a deed is to ascertain the intention of the parties, and especially that of the grantor; and, it is well settled, that deeds must be construed so as to effectuate, if possible, the intention of the parties, or of the grantor, unless inconsistent with settled rules of law, or of some principle of law, or in violation thereof, or in violation of some rule of property, or there are expressions in the deed which positively forbid it, or render it impossible.

2. Same.—Where a father conveyed a tract of land to his four living children of his first marriage, naming and describing them as "his heirs, and all his heirs hereinafter of the second part"; and after the description of the land the deed contained a provision that it "includes the full and entire part of the parties of the second part of my real estate and personal property, that is, they are never to receive any more from my estate, either before or after my death," the children of a subsequent marriage took no right, title or interest in said land, under said deed.

H. C. CLAY and RADER & JOHNSON for appellants.

HAGER & STEWART and S. S. WILLIS for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

John W. Mullins, of Letcher County, owned a tract
of land in that county which is the subject of this litiga-
tion. By his first wife he had four children, the appel-
lees, Aney Moberly, and William, Sarah and Mahulda
Mullins. In August, 1886, he was living separate and
apart from his wife, and contemplated a second mar-
riage. On August 31st, 1886, Mullins executed, and
caused to be recorded, a deed to his then living children
by his first wife, which reads as follows:

"This indenture, made the 31st day of August, 1886,
by and between John W. Mullins and Aney H. Mullins,
of Letcher County, Kentucky, and William Mullins,
Sarah H. Mullins, and Mahulda Mullins, his heirs, and
all his heirs hereinafter, of the second part, of the same
county and State, aforesaid: Witness:

"For and in consideration of one dollar cash in hand
paid, receipt of which is hereby acknowledged, and in
further consideration of favor and affection I have for
my heirs and for the heirs of my body, I hereby sell and
convey unto the party of the second part the following
described tract of land (description of land omitted),
which conveyance incloses the full and entire part of the
parties of the second part in my real estate and personal
estate, that is, they are never to receive any more from
my estate either before or after my death.

"The parties of the second part is to have all land
included in said boundary that the said J. W. Mullins
owns in said boundary and its appurtenances except the
black walnut trees I have sold, and the second parties
is to give the right of way to get out said trees.

"To have and to hold said property with its appur-
tenances thereunto belonging unto the said grantee,
their assigns forever. And the said party of the first
part doth further covenant with said party of the second
part that he will warrant generally the title to the prop-
erty hereby conveyed.

"In witness whereof, the party of the first part hath
hereunto subscribed his name the day and year afore-
said.                    JOHN W. MULLINS."

Shortly thereafter Mullins married his second wife,
and of that marriage seven children were born, who are
the appellants in this action.

This controversy between the four children by the
first marriage, on the one hand, and the seven children
by the last marriage, on the other, is over the ownership
of the land described in the deed of August 31st, 1886,

which is alleged to be about 200 acres. The seven children by the second wife claim that they own the land in controversy, jointly and equally, with the four children by the first wife, and instituted this action to have that question determined. The circuit judge sustained a demurrer to the petition, and subsequently dismissed it, and from that judgment the plaintiffs have prosecuted this appeal.

Appellants claim that when their father named his then four living children, whom he described as "his heirs," and added thereto the phrase, "and all his heirs hereinafter," and further added in the consideration clause the phrase, "in further consideration of favor and affection I have for my heirs and for the heirs of my body," he meant to include among the grantees his subsequently born children by his second marriage.

Under the authority of Cessna v. Cessna, 4 Bush, 516, and Goodrich v. Schaefer, 24 Ky. Law Rep., 219, and similar cases, it is contended by appellants that under the deed now before us for construction, the estate would open up to such future born children, and they would take their respective shares thereunder. The object in construing a deed is to ascertain the intention of the parties, and especially that of the grantor; and, it is well settled, that deeds must be construed so as to effectuate, if possible, the intention of the parties, or of the grantor, unless inconsistent with settled rules of law, or of some principle of law, or in violation thereof, or in violation of some rule of property, or there are expressions in the deed which positively forbid it, or render it imposible. 13 Cyc., 610.

It is apparent that the deed is not skillfully drawn; and, although it was obviously written by some one unacquainted with legal terminology, we are of opinion that there is little difficulty in arriving at the intention of the grantor. Evidently the draftsman was uncertain as to the effect of the terms he had used, so he inserted immediately after the description and before the habendum clause these supplementary and explanatory words: "which conveyance includes the full and entire part of the parties of the second part in my real estate and personal estate, that is, they are never to receive any more from my estate, either before or after my death." This clearly shows that it was the intention of John W. Mullins to convey the land he then had to his four living children named as grantees in the deed, and in consider-

ation of that conveyance they were not to take any interest in any other property he might thereafter acquire. The true rule in the construction of deeds is, that the intention of the grantor, as it appears from the whole instrument, must govern, and be given effect in all its parts, if it can be done. If the intention appears from such a reading, technical rules of construction can not be applied so as to defeat that intention. Morriso v. Coghill, Sneed's Pr. Dec., 322; Kelley v. Parsons, 127 S. W., 792.

While it is true, it has been held that the word "children" will be construed to mean "heirs," and that the word "heirs" may be construed to mean "children," whenever it is apparent that the grantor so intended, this will be done only when it is necessary to do justice and effectuate the plain purpose of the grantor. Williams v. Duncan, 92 Ky., 130.

If we should hold that appellants took an interest as heirs under the clause first above quoted, we should be compelled, under the last quoted clause, to exclude them from all interest in their father's other property—a result he never contemplated, and which they have never claimed or desired.

Furthermore, the deed describes the appellees as "his heirs and all his heirs hereinafter of the second part, of the same county and State," that is, to say, of Letcher County, Kentucky.

It can hardly be said that the grantor referred to unborn children of a future marriage as residents of Letcher County. Evidently those words related to and described his living children named in that immediate connection, and who, in fact, resided in Letcher County. Bowe v. Richmond, 109 S. W., 359.

Reading this deed as a whole, as we are compelled to do, we think there can be no doubt that it conveyed the land to the appellees, and that the appellants—the children of the second marriage—took no interest whatever therein. Funkhouser v. Porter, 32 Ky. Law Rep., 676; 107 S. W., 202; Crews v. Glasscock, 32 Ky. Law Rep., 913; 107 S. W., 237.

Judgment affirmed.