## Charles v. Elkhorn Mining Company.

(Decided February 12, 1918.)

### Appeal from Floyd Circuit Court.

Master and Servant—Master's Duty—Place of Work.—A master is under no duty to use ordinary care to furnish a reasonably

safe place for work to a servant employed to make a dangerous place safe.

A. J. MAY and MAY & MAY for appellant.

B. F. COMBS, EDWARD C. O'REAR, ALLIE W. YOUNG and SMITH & COMBS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY COMMISSIONER—Affirming.

In this suit by Henry Charles against the Elkhorn Mining Company to recover damages for personal injuries, the trial court directed a verdict in favor of the defendant and plaintiff appeals.

The evidence shows the following facts: In moving a coal cutting machine through the main entry of one of defendant's mines the machine men lost control of it. The machine ran down grade and knocked down all the props and other timbers under the roof of the entry for a distance of 75 or 100 feet. The mine foreman directed the timber foreman to set up the timbers and props. Plaintiff was a member of the timber crew, whose duty it was to perform this service. The timber foreman took the crew, including plaintiff, to the place where it was necessary to set up the props. Plaintiff was carrying one of these props for the purpose of placing it under the roof. While in the act of laying the prop down for the purpose of resetting it, several pieces of slate fell from the roof where the prop had been knocked down, and injured plaintiff. It further appears that plaintiff was an experienced miner and had been engaged in the work of setting timbers for about two months or more.

Plaintiff did not base his recovery on an assurance of safety or on the fact that he was inexperienced and the defendant failed to warn him of the danger. The only negligence relied on was the failure of the defendant to furnish him a reasonably safe place for work, the petition alleging in substance that while he was attempting to prop the roof of the mine and place caps thereon, "to make the same safe," defendant permitted its mine roof to become unsafe, dangerous and defective, and by reason of defendant's failure to use ordinary care for his safety, a large slate rock fell and injured him.

The rule that the master must exercise ordinary care to provide his servant a reasonably safe place for work,

does not apply, where the very work which the servant is employed to do, consists in making a dangerous place safe. Thompson on Negligence, sections 3877, and 4705; Louisville & Henderson Railway Company v. Wright, 170 Ky. 230, 185 S. W. 861. Following this rule, this court in the case of Williamson's Adm'r v. Blue Grass Fluorspar Company, et al., 156 Ky. 226, 160 S. W. 920, said: "The master must timber up his mine and use ordinary care to keep it reasonably safe for the use of his servants; but he must have men to timber it up. The deceased and the men with him were engaged in timbering up this mine so as to make it safe before other digging was done. The master when he sends out one set of men to timber up the mine is not required to first send out another set of men to make the mine safe for them. Men engaged in such work must understand that they are putting in the timbers to make the mine safe." The same doctrine was applied in the case of Finlayson v. Utica Mining & Milling Company, 67 Fed. 507, where Judge Sanborn for the purpose of illustrating the effect of a contrary rule said, "The complaint is that the master was negligent because it did not render unnecessary the work it employed the servant to do, before he commenced to do it." Here the plaintiff was employed to timber the mine and was actually engaged in the work of propping the roof in order to make it safe. Under these circumstances the defendant did not owe him the duty of first sending out other men to do the very work which plaintiff himself was employed to do. Since the defendant was under no duty to use ordinary care to furnish plaintiff a reasonably safe place for work, it follows that the trial court properly directed a verdict in favor of the defendant.

Judgment affirmed.