## Stonega Coke & Coal Company v. Clark.

(Decided November 28, 1924.)

### Appeal from Harlan Circuit Court.

Master and Servant—Variance Between Allegation of Injury while Assisting in Taking Down Slate and Proof of Injury by Slate Taken Down to Render Place Safe Held Fatal.—Employee,

who pleaded that he was injured when he was assisting in taking down slate, could not recover on uncontradicted proof that he was injured when struck by slate being taken down to render place in which he worked safe.

SAMPSON & SAMPSON for appellant.

F. F. ACREE, J. C. BAKER and J. S. FORESTER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

By this action, appellee Clark, suing by his next friend, seeks damages from his employer, the appellant, for injuries alleged to have been caused by its failure to furnish him a reasonably safe place in which to work. A trial resulted in a verdict and judgment for $3,000.00 in his favor, and the defendant appeals.

It is alleged in the petition that the injury was caused by a large piece of slate falling upon and breaking plaintiff's leg while he was engaged as defendant's employee at a designated place in its mine, "and while engaged in assisting in cleaning up said room and pulling down and removing the slate therefrom." The defendant did not traverse these allegations, but denied the negligence alleged, and pleaded contributory negligence.

It was therefore admitted by the pleadings that plaintiff when injured was engaged in assisting in pulling down slate. He testified, as did all other witnesses on the trial who were asked about it, that the slate which fell on him from the roof was known to be loose, and made the place unsafe, and that it was being taken down for the purpose of making the place safe. He also admitted, upon cross-examination, that it was his duty to assist in that work, and that he and another were sent there for that very purpose.

It would therefore seem clear that under many decisions of this court, the defendant owed him no duty of making the place safe, since that was what he was employed to do and that the court erred in refusing to direct a verdict for the defendant. Williams Coal Co. v. Cooper, 138 Ky. 287, 127 S. W. 1000; Williamson v. Bluegrass, etc., Co., 156 Ky. 226, 160 S. W. 920; Charles v. Elkhorn Mining Co., 179 Ky. 288, 200 S. W. 461.

Counsel for plaintiff seek to avoid this conclusion because upon redirect examination the latter said he was not at the time of the accident helping in taking down

the slate, that it was not his duty so to do, and he had never done so.

Even if, as is the contention, former seemingly contradictory admissions in his evidence are reconcilable with this testimony, which seems to us untrue, it is clear at least that he was permitted to recover on proof of a state of facts just the reverse of the undenied allegations of his petition that he was injured in the course of his employment, while assisting in pulling down slate.

Under his pleading that when injured he was assisting in taking down slate, and uncontradicted proof that the slate was being taken down to render the place safe, the court erred in refusing to direct a verdict for defendant.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings consistent herewith.