## First-Owensboro Bank & Trust Co. et al. v. Central Trust Co. of Owensboro.

(Decided Nov. 18, 1938.)

454

E. B. ANDERSON and R. MILLER HOLLAND for appellants.

CARY, MILLER & KIRK for appellee.

Opinion of the Court by Judge Ratliff—Affirming.

In June, 1937, the appellee, Central Trust Company of Owensboro, Kentucky, recovered a judgment in the Daviess circuit court against the appellant, Clara M. Blocher for $3,847.34 with legal rate of interest thereon from the 18th day of November 1931, until paid, subject to a credit of $418.07 paid on the 25th day of September 1933. An execution issued on the judgment and placed in the hands of the sheriff of Daviess county for execution and was returned by the sheriff indorsed "No property found in Daviess County, Kentucky, subject to this execution." The return of the execution was dated the 15th day of June, 1937.

Appellee then brought this action in the Daviess circuit court pleading the facts indicated above and asked that Clara M. Blocher be required to answer and disclose any money, choses in action, or other property owned by her or in which she has an interest. It was further alleged that the First-Owensboro Bank & Trust Company, a corporation, was the executor and trustee with the will annexed of the estate of C. L. Morehead

deceased (Mrs. Blocher's father) and as such trustee and executor its was indebted to Clara M. Blocher in a sum unknown to the plaintiff, and had in its possession, money, property, choses in action and other things of value belonging to Clara M. Blocher. Pursuant to an order of attachment issued, the First-Owensboro Bank & Trust Company was summoned as garnishee and called upon to answer and disclose any money, choses in action, or other property held by it of which Clara M. Blocher was the owner or in which she has any interest.

Clara M. Blocher filed her answer to the petition and stated that she had no money or property in the state of Kentucky or elsewhere subject to exceution or otherwise, except a residence on West Fourth Street which is subject to a mortgage indebtedness to the United States Savings & Building Association of Owensboro, Kentucky, of $2,096.93 and also a mortgage indebtedness of $2,000 to C. B. McEuen; also, she owned 104 acres of land in Muhlenburg county, Kentucky; 100 acres of land in the state of Missouri; a house and lot in the state of Florida, in which she has only a life estate with remainder to her bodily heirs; an undivided one-half interest in a tract of land in Muhlenburg county, Kentucky, containing 8 acres; two lots in Morton's Addition to the city of Owensboro, but the title to the latter is now in dispute; and an income from the First-Owensboro Bank & Trust Company, Trustee under the will of Charles L. Morehead, deceased.

In a separate paragraph she further stated that the property she owned on Fourth Street was previously owned by her husband, J. J. Blocher, now deceased; that during the time he was in possession thereof and occupied it as a homestead; that she is an actual bona fide housekeeper with a family residing in Owensboro, Daviess County, Kentucky, in said Fourth Street property, and now occupies it as a homestead and was so residing therein and occupying it on the date of filing the petition herein; that said property now is, and was at the time the petition was filed, worth more than $1,000 but there are valid existing liens against said property in the sum of $4,096.93; that the alleged debt or liability mentioned in plaintiff's petition did not exist prior to the acquisition of the said Fourth Street property of her late husband, J. J. Blocher, and it has been occupied as a homestead continuously since its acquisition either by her or her husband.

As a defense to the subjection of the income of the property held in trust for her under the will of her deceased father, C. L. Morehead, to the payment of the note in question, she pleaded as follows:

"Defendant further states that such property, whether real or personal, as may be held by said trustee, the defendant, First Owensboro Bank & Trust Co., in trust for her is held by said trustee subject to the provisions of the will of Charles L. Morehead and that the disposition of the income from said trust is controlled and determined by Section 20 of the will of the said Charles L. Morehead, which is as follows:

" 'Sec. 20. My said daughter Fannie M. Morgan or Clara Blocher or their children or their grandchildren, shall not have the right to pledge anticipate incumber sell or mortgage any part of said trust estate or any income therefrom, if they or any of them *attemp* to do so, I direct my trustees, the Louisville Trust Co., and the Central Trust Company of Owensboro, Ky., not to honor or *except* or pay same, and I authorize my trustees in such event to hold said income and pay same as in its best judgment it may deem best for the support and maintenance of such heirs and their families.'

"Defendant states that in and by the above quoted provision of said will, this defendant has no power or authority to pledge, anticipate, encumber, sell or mortgage any part of said trust estate or any income therefrom and that the plaintiff, Central Trust Company, as her creditor, has no greater power or authority over said trust estate or income than she has, and that said trustee has no authority to use any part of said trust estate or any of the income therefrom for any purpose except for the support and maintenance of said beneficiaries under the will and their families, and has no power to pay any part of said income or distribute any part of said trust estate to any creditor of this defendant and that the right of the plaintiff or any other creditor of this defendant to subject said income or said trust estate to the payment of its debt cannot legally exceed the right or control which this defendant has over said trust estate or the income therefrom."

The First-Owensboro Bank & Trust Company, Trustee, filed its answer as garnishee and stated that at the time of the service of the order of attachment upon it it had in its hands in cash the sum of $49.76 to be equally divided between Fannie Morgan and the defendant, Clara M. Blocher, or the sum of $24.88 belonging to Clara M. Blocher and other than that sum of money it had no property, money or choses in action, or anything else of value in its possession belonging to her. It further pleaded in a separate paragraph that it was appointed and qualified as trustee of C. L. Morehead, deceased, in December, 1932, and derives all of its powers and authority in the handling and administration of said estate by, under and from the terms of the will and filed a copy of the will with its answer. It further adopted and made part of its answer that part of the answer of Clara M. Blocher in respect to Clause 20 of the will, and further stated that as trustee under the will it holds that part of the income from the estate of C. L. Morehead, deceased, to which Clara M. Blocher is entitled, and particularly the sum of $24.88 set out in paragraph one of its answer, free and exempt from the claims of any creditor of Clara M. Blocher and free and exempt from the claims of the plaintiff.

Appellee, plaintiff below, filed a general demurrer to the fourth paragraph of the answer of Clara M. Blocher in which she pleaded and relied upon Paragraph 20 of the will quoted therein, which demurrer was sustained, whereupon she filed her amended answer for the purpose only of filing an attested copy of the will as an exhibit. The First-Owensboro Bank & Trust Company filed its amended answer elucidating and extending its original answer in respect of Clause 20 of the will, alleging that under the provisions of that clause of the will Clara M. Blocher had no right to anticipate, pledge or otherwise encumber her said trust estate and that, in accordance with the provisions of the will, the trustee, in the exercise of its best judgment and which in its opinion seems best to it under the circumstances, "elects, pursuant to the provisions of said will, to pay henceforth the income from that part of the trust estate which Clara M. Blocher might otherwise receive, to Charles Blocher and Clara Blocher, children of Clara M. Blocher and members of her family." Later it filed a second amended answer pleading in substance that the judgment debt which the plaintiff seeks to recover of

458

the defendant, Clara M. Blocher, had its origin in a loan of money by the plaintiff, Central Trust Company of Owensboro, to the defendant, Clara M. Blocher, at a time when plaintiff was the duly qualified and acting trustee under the will of C. L. Morehead, deceased, and when the plaintiff accepted the trust created by said will it agreed to carry out and be bound by the terms of the will creating the trust among which was as provided in Clause 20 of the will, that if Clara M. Blocher attempted to pledge, anticipate, encumber, sell or mortgage any part of the trust estate or any income therefrom, the plaintiff as trustee should repudiate such pledge, anticipation, encumbrance, sale or mortgage and should not honor, accept or pay it but should withhold any money which might be used to pay and honor such pledge, anticipation or debt arising therefrom and withhold the income from her and pay it to her family for their support, etc.; that to allow the plaintiff to now recover the debt it sues for in this action out of any part of the trust estate or the income therefrom created under the will of C. L. Morehead, deceased, is in effect to allow recovery out of the income which was and is by said will devoted to and set apart for the support and maintenance of the family of Clara M. Blocher, namely, her two children mentioned in the first amended answer and would result in a violation of the agreement the plaintiff entered into when it became the trustee of said estate and which agreement it knew it was violating when it loaned the defendant Clara M. Blocher said money.

Appellee filed a demurrer to the answer as amended by the second amended answer of the First-Owensboro Bank & Trust Company, which demurrer the court sustained, whereupon it filed its third amended answer in which it pleaded that at the time the plaintiff loaned the money to Clara M. Blocher, plaintiff then knew that the only property she had out of which any debts could be recovered of her was the trust estate or the income therefrom provided by the will of her father, and that the only source of credit she had at that time was the trust estate created for her benefit and income to be derived from said trust estate.

The court sustained the demurrer to the answer as amended by the third amendment and the defendants failing to plead further, the court entered judgment in favor of appellee sustaining the order of attachment against the property of the defendant, Clara M. Blocher,

and further adjudged that the First-Owensboro Bank & Trust Company, trustee under the will of C. L. Morehead, deceased, pay to the plaintiffs, Central Trust Company of Owensboro, one-half of the net proceeds of the trust estate held by it as trustee, same being that portion thereof to which under the will of C. L. Morehead, Clara M. Blocher is entitled and same be applied to the satisfaction of appellee's judgment and debt as prayed in its petition and for cost of the action; that such payments be made monthly as the trustee heretofore has made them to Clara M. Blocher, and that the trustee is further ordered to make reports in writing to the court quarterly of the sums paid to plaintiff under the judgment. Appellants excepted to the judgment and prayed this appeal, which was granted.

Separate briefs were filed for the appellants, but, as indicated in their separate answers, they both rely upon the same defense, viz., that when Clara M. Blocher obtained the loan in question from appellee bank she thereby pledged, anticipated or encumbered her part of the trust estate or income, in violation of Clause 20 of the will, and thereby forfeited her share of the trust estate and it then vested in the other named beneficiaries. That clause of the will does not in exact language provide for a forfeiture of the share of any of the beneficiaries who violate the conditions of the will and a vesting of same in others. However, if it be conceded that that clause of the will should be construed to mean that in the event of a violation of its provisions in respect of pledging, anticipating or otherwise encumbering the trust fund by any one or more of the beneficiaries, would work a forfeiture of the share of any one or ones so violating it, and such share or shares then and there vest in other named beneficiaries, so as to bring the case within the category of the cases of Ford v. Ford, 230 Ky. 56, 18 S. W. (2d) 859; Scott v. Ratliff, 179 Ky. 267, 269, 200 S. W. 461, L. R. A. 1918C, 805, and many other like cases which might be mentioned, relied on by appellants, yet, neither the answers of the defendants nor indeed, any allegation of the petition tend to show that Clara M. Blocher anticipated, or pledged in writing or, even by oral contract, the trust estate devised to her when she obtained the loan from appellee. The allegations that she did anticipate or encumber the trust fund in obtaining the loan are mere conclusions not supported by any allegation of fact.

In view of the provisions of the will prohibiting an anticipation or encumbrance of the trust estate and, appellee being familiar with the will, same being a matter of public record and, appellee at that time being the trustee of the will, and the further fact that Clara M. Blocher owned considerable property as disclosed in her answer, clearly warrant the presumption that appellee did not make Mrs. Blocher the loan with the expectation or anticipation of her paying it out of the trust estate, but that she would pay it out of her individual property or means. Except her home referred to as the Fourth Street property, Mrs. Blocher's answer does not disclose whether or not she owned the other property mentioned in her answer at the time she borrowed the money, nor does she state the value of any of the property she owned, except Fourth Street property, which was mortgaged, was worth *more* than $1,000. Under the rule that a pleading will be construed more strongly against the pleader, it will be presumed that she owned the property mentioned in her answer, except the Fourth Street property, at the time she borrowed the money of appellee, and that the value of her property or interest therein, other than the trust estate, was sufficient to pay the note and justify the credit thus extended to her.

For reasons stated the judgment is affirmed.

The whole court sitting.