CASE 42—PETITION  EQUITY—NOVEMBER 8.

# Newsom & Hambleton v. Kurtz & Miller.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

1. A LIEN ACQUIRED BY THE UNRECORDED ASSIGNMENT OF A DEED is not good as against a purchaser without notice.
2. AN EXECUTION CANNOT BE LEVIED UPON A MERE EQUITABLE INTEREST IN LAND. The execution defendant must hold the land by legal title in order to authorize the levy of the execution upon it.
3. AN UNRECORDED DEED passes the legal title as between the parties to the deed. and the interest of the grantee may be levied on and sold under execution.

N. McMERCER AND D. R. MURRAY FOR APPELLANTS.

No brief in record.

KINCHELOE & ESKRIDGE for appellee.

1. Party claiming under sheriff's deed at execution sale may show by other proof than sheriff's return that the land was levied upon and sold. (Phillips v. Jameson, 14 B. M., 583.)

2. Sale under several executions—if one or more is valid, title of purchaser will be sustained, though one or more of the executions are void. (Rorer on Judicial Sales, secs. 711, 1021.

3. It is the policy of the law to sustain judicial sales. (Benningfield v. Reed, 8 B. M., 105; Thornton v. McGrath, 1 Duvall, 354; Dorsey v. Kendall, 8 Bush, 299.)

JUDGE BENNETT delivered the opinion of the court.

The lot of ground No. 9, in the town of Cloverport, Breckinridge county, Kentucky, is claimed by the appellant by virtue of a purchase from E. Fisher. On the other hand, the appellees claim it, by virtue of a purchase at execution sale, as the property of E. Fisher.

The facts relied on by the appellants as the foundation of their title are as follows : LaHert and wife, by deed dated the fifteenth day of August, 1859, sold this lot of ground to E. Fisher. This deed was acknowledged by LaHert and wife on the twenty-first day of September, 1859 ; but it was not put to record until the eighth day of April, 1878. On the fifteenth day of May, 1869, E. Fisher, by a written indorsement on the back of this deed, assigned it to the appellants, to indemnify them against loss by reason of their becoming bound for him as his sureties. This assignment was neither acknowledged by E. Fisher nor put to record. On the twenty-second day of February, 1878, E. Fisher acknowledged a deed dated the fifteenth day of May, 1869, which conveyed to the appellants this lot of ground ; and the deed was put to record on the eighth day of April, 1878.

Quite a number of executions were issued from the Breckinridge Circuit Court against E. Fisher. One of these—Flake's—was certainly levied upon the lot of ground in controversy; for the sheriff's return shows this fact. It is to be presumed that two of the other executions were also levied upon the same piece of property; for the sheriff's return on the Flake execution shows that it was levied subject to a levy under these two executions. These two executions were not made exhibits, because they had been lost or misplaced. The other executions were not levied upon this piece of property. On the fifteenth day of January, 1872, the lot of ground in controversy, and the other property levied on, were sold at one sale to satisfy these executions, and the appellee, Miller, became the purchaser of all the property. E. Fisher having failed to redeem the property within the time allowed by law, the sheriff, on the twenty-fourth day of June, 1873, deeded the same to the appellee, Miller, and he thereafter deeded the lot in controversy to the appellee, Kurtz.

It is clear that one of these executions was levied on the property in controversy; and it is reasonably certain that two other executions were levied upon it. This was sufficient to authorize the sale of it; and the records, together with the proof *aliunde*, show conclusively that this lot of ground was sold by the sheriff at the sale under these executions, and that he conveyed the same to the appellee, Miller. It is also clear from the proof in the cause that the appellee, Miller, was a purchaser of this property without notice of the appellants' lien, which they acquired on the property

by reason of the assignment of the fifteenth day of May, 1869.

It is well-settled that this lien, not having been recorded, was not good as against a purchaser without actual notice of its existence; and, as just said, the appellee, Miller, did not have notice of its existence at the time of his purchase.

As to the conveyance of this property by E. Fisher to the appellants, it clearly appears that the deed, although it bears date the fifteenth of May, 1869, was not actually made until long after the appellee's, Miller's, purchase.

The indorsement of the levy of the executions upon this property was sufficiently descriptive to create a valid lien upon it. Also the sheriff's deed sufficiently describes this property to pass the title to it.

But it is contended that as there was no recorded evidence of E. Fisher's title to this property, it was not subject to levy and sale.

An execution can not be levied upon a mere equitable interest in land. The execution defendant must hold the land by legal title, in order to authorize the levy of the execution upon it; that he must own the land by legal title is all that is required. In this case, E. Fisher held the land by absolute conveyance from LaHert and wife. No other writing was required in order to pass the legal title; the conveyance was by a formal deed. It was acknowledged before a proper officer as the act and deed of the vendors; not even other proof of its execution was required. Therefore, as between the vendors and the vendee, the legal title passed to the latter. There was but one other act

necessary to make the deed effective as against all persons—the act of recording it in the proper office—and this act would in nowise change the tenor of the deed; it was already an absolute conveyance, and passed the legal title to the vendee; and the requirement of recording it was simply to give notice of what had already been done, so that other persons wishing to purchase the same land might not be deceived. Therefore, the law does not declare that an unrecorded deed does not pass the legal title as between the vendor and vendee, but simply declares that such deed shall not prevail as against a subsequent purchaser by deed duly acknowledged and recorded without notice of the prior unrecorded deed. Thus, a penalty is fixed upon the vendee by an unrecorded deed for his laches in not having the same acknowledged by the vendor and recorded.

The judgment of the lower court dismissing the appellants' petition is affirmed.