## The People's Trust Company of Madison, Ind. v. Deweese, et al.

(Decided May 18, 1911.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Land—Contingent Interest may be Sold or Subjected—A contingent remainder in land is a vendible estate and may be mortgaged or conveyed by the contingent remainderman, and may also be subjected in an equitable action to the payment of an unsatisfied judgment against him.

2. Postponement of Sale until Estate Rests—While the chancellor will subject a contingent interest to the satisfaction of a judgment against the owner thereof, he should not do so presently if it is made to appear that an immediate sale would be at a great sacrifice of the property. Upon this being made to appear, the action to subject the contingent interest should be retained on the docket until the interest becomes vested.

3. Execution—What Interest in Land May be Levied on—Land in which the execution defendant has a legal title in fee for life or for a term, whether in possession, reversion or remainder, may be sold under execution, but an execution cannot be levied upon a mere equitable interest in land.

4. Equitable Contingent Interest—Action to Subject—A judgment creditor who desires to subject to the satisfaction of his judgment an equitable contingent interest in land should proceed under section 439 of the Civil Code, and not under section 1691 of the Kentucky Statutes.

5. Costs—Construction of Statute—Under section 889 of the Kentucky Statutes providing that in equitable actions the party succeeding shall recover his costs except against the nominal defendants, and that the nominal defendants shall pay their own costs. If the action of the plaintiff against both the real and nominal defendants is dismissed he must pay all the costs; but if he recover against any of the real parties, he must pay his own costs incurred between himself and the nominal parties, and the nominal parties must pay the costs incurred between them and the plaintiff.

C. B. SEYMOUR for appellant.

J. C. DODD for appellee.

Opinion of the Court by Judge Carroll—Affirming.

The appellant trust company recovered a judgment against the appellee Cornelius Deweese and caused execution to issue thereon, which was levied on the contingent interest of Cornelius Deweese in certain improved real estate located in Louisville, Kentucky. The sheriff's return on the execution read as follows:

"Executed by levying upon the right, title and interest of Cornelius Deweese, in and to the following described lot or parcel of land with improvements situated in Louisville, Jefferson county, Kentucky, to-wit: (then follows description of the property) all of which remains in my hands unsold."

Afterwards, the appellant instituted this action in equity to enforce the execution lien and for a sale of the tv. The interest of Cornelius Deweese levied on, and sought to be subjected was acquired by him under a deed made by his grandfather, C. Deweese to the Fidelity Trust Company, trustee, in October, 1891. The deed, in the granting clause, conveyed in trust to the Fidelity Trust Company the property therein described, subject to the life estate of the grantor; and provided that after the death of the grantor the trustee should lease the property, pay the taxes and insurance thereon and keep it in repair, and after these charges were paid the trustee was directed in clause three—

"To pay the residue of the rent, profits and issues of said property from time to time as collected to Anna Deweese, the wife of said James S. Deweese, so long as she resides and lives with said James S. Deweese, as his wife, or remains his widow, the same to be her separate estate free from the use and control of her husband and not to be bound or liable for any debts or liability created or incurred by her or said James S. Deweese. Upon trust at the death of the said Anna Deweese or when she ceases to reside and live with said James S. Deweese as his wife or ceases to be his widow to convey said real estate in fee simple to the children of said Annie Deweese by said James S. Deweese when the youngest child shall have attained his or her majority, the descendants of any deceased child of their taking and receiving the interest the parent of said decedent would have taken or received if living, and until such conveyance to convey the rents, profits and issues

of said property between the death of said Anna Deweese or the time when she ceases to live with said James S. Deweese as his wife, or ceases to be his widow or re-married, and the making of said conveyance to James S. Deweese, if living, for the use and support and educa-tion of his children, not to be subject to any debt, lia-bility or obligation of said James S. Deweese and if he should not be alive to pay the same to said children or their guardians. Whenever it shall seem to said trustee for the interest of all parties concerned and said Anna Deweese shall also desire and in writing request to sell said real estate or any part thereof at public or private sale upon such terms as to the said trustee shall seem best and with full power and authority to said trustee to convey said real estate or any part thereof to any pur-chaser and to re-invest the proceeds of such sale in other productive real estate to be held in like trusts and con-ditions as herein set forth and declared.''

Anna Deweese and James Deweese are yet living, and at the time of the institution of this suit had two chil-dren, Cornelius Deweese, the execution defendant, and Anette Deweese, an infant under the age of twenty-one years. The petition averred that under the trust deed Cornelius Deweese had a contin-gent interest in the property that could be immediately subjected to the payment of the judgment against him. It further set out that there was a misdescription in one call in the trust deed, and asked that his misdescription be corrected. It appears from the record that the case was submitted on the pleadings for judgment, and the chancellor, now Judge Miller of this court, entered a judgment correcting the descrip-tion in the deed, and further decreeing that—

''The levy of plaintiff's execution on the interest of Cornelius Deweese in the real property hereinbefore de-scribed does not entitle the plaintiff to a judgment of sale at the present time, because the said interest is now too remote, uncertain, speculative and contingent to be personally sold except as at a speculative and ruinous sacrifice, and such sale, if made, could not pass any pres-ent enforcible right against the said defendant; how-ever, if the plaintiff so elects, this case will be retained and continued until such present uncertain, speculative and contingent interest of the defendant, Cornelius De-

weese, in the said property vests and becomes certain, vendible, salable and enforcible against the defendant, trustee, and when that event occurs on plaintiff's motion, the share and interest of the said Cornelius Deweese may be subjected to sale herein for its satisfaction.''

But counsel for appellant, plaintiff below, not being satisfied with this judgment, moved the court to extend it by entering a final and appealable order, and thereupon the court adjudged that—

''Inasmuch as the said defendant, Cornelius Deweese, now has only a defeasible, contingent and uncertain interest in the said trust property which may hereafter ripen into a valuable vested, vendible and enforcible right thereto, and as the plaintiff now demands to have a right to the ruling of the court which can be reviewed on appeal, it is therefore considered and adjudged that so much of the plaintiff's petition as seeks a present enforcement of its execution levy and lien on the interest of Cornelius Deweese in the said property by a sale thereof, be and is dismissed, without prejudice, to any further action to subject the said interest in the event the said defendant Cornelius Deweese shall survive his mother, the defendant Anna Deweese; and it is further considered and adjudged that the defendant, Fidelity Trust Company, as trustee recover of the plaintiff, People's Trust Company, its costs in this respect herein expended.''

The appellant complains of this judgment and insists first, that it was error to render judgment for costs against it, and not to give it judgment for costs against all other parties than Cornelius Deweese; second, that it was error for the court not to retain jurisdiction of the whole case for the enforcement of the lien; and third, that it was error for the court to dismiss the portion of the petition dismissed.

Taking up first the question of costs—section 889 of the Kentucky Statutes provides—

''In action in equity the party succeeding on the merits or otherwise shall recover his costs except against nominal defendants; but when the plaintiff succeeds against a part of the defendants, he shall recover his costs against such only. Defendants who are necessary nominal parties, and against whom the complainant does

not succeed, shall not recover their costs; but each party shall be decreed to pay his own costs.''

The only real defendant in this case was Cornelius Deweese, and as the petition seeking to subject his interest in the property was dismissed without prejudice, it follows that he should have recovered his costs against the plaintiff. The other defendants were necessary nominal parties within the meaning of the statute, against whom the plaintiff did not succeed, and therefore he was not entitled to costs against any of them. And as the plaintiff failed to obtain relief against any of the parties defendant, real or nominal the nominal defendants were entitled to their costs. Our understanding of the meaning of the statute is that where a plaintiff brings a suit in equity upon a claim or demand, and it is necessary that others than the real defendant should be made nominal parties defendant, the plaintiff if he succeeds against the real defendant but not against the nominal defendants, the nominal defendants are not entitled to recover their costs against him, but the costs incurred by and against the nominal defendants must be paid by the parties in whose behalf it was incurred. On the other hand, if the plaintiff fails to obtain relief against any of the parties, real or nominal, then all of the parties, both real and nominal, are entitled to their costs against him. In other words, if the plaintiff fails entirely, he must pay all the costs of the action. If, however, he recovers against any of the real parties, he should have cost with the judgment but must pay his own costs incurred as between himself and the nominal parties, and the nominal parties must pay the costs incurred between them and the plaintiff.

Nor does the fact that the mistake in the trust deed was corrected help the condition of the plaintiff so far as the question of costs is concerned, because the correction of the deed did not afford him any relief whatever. When his petition seeking to subject the property was dismissed upon the merits, he did not derive any benefit from the correction in the deed. The error in the deed was then a matter of no importance to him. It was no concern of his whether the deed was right or wrong.

Counsel for appellant complains of the action of the court in dismissing the petition in place of retaining it

on the docket for the purpose of granting such relief as subsequent events might show appellant to be entitled to, but we do not think appellant is in a position to make this objection as it appears from the judgment that the chancellor desired to retain the action on the docket so that the interest of Cornelius Deweese when it became certain and vendable might be subjected to the claim of appellant but that counsel for appellant was not satisfied with the ruling and insisted upon having a present judgment rendered directing a sale of the interest of Deweese and it was in deference to this insistence of counsel that the chancellor was induced to render the final judgment dismissing without prejudice the petition. Counsel rest the right to subject the interest of Deweese upon section 2355 of the Kentucky Statutes, reading—

"Estates of every kind held or possessed in trust, shall be subject to the debts and charges of the persons to whose use, or for whose benefit, they shall be respectively held or possessed, as they would be subject if those persons owned the like interest in the property held or possessed as they own or shall own in the use or trust thereof," and insists that although the interest of Deweese was not of such a character as that it could be sold under execution, the appellant was yet entitled to have the lien created by the execution enforced in the manner pointed out in section 1691 of the Kentucky Statutes. But there stands in the way of appellant in his attempt to enforce by action an execution levy upon the interest of Deweese, section 1681 of the Kentucky Statutes providing that—

"Land to which the defendant has a legal title in fee for life or for a term, whether in possession, reversion or remainder, may be taken and sold under execution."

It is clear that this section forbids the seizure or sale of real estate under execution unless the execution defendant has the legal title. In Newsom v. Kurtz, 86 Ky., 277, it is said—

"An execution cannot be levied upon a mere equitable interest in land. The execution defendant must hold the land by legal title in order to authorize the levy of the execution upon it. That he must own the land by legal title is all that is required."

In Goodin v. Wilson, 114 Ky., 716, the Court said—

"The contention of appellant's counsel that the right of possession and the right to receive rents necessarily carries with it the legal title cannot be maintained. There are many instances where the legal title may be in a trustee, with the possession and the right to the usufruct of the property, remaining in the cestui que trust. It seems to us therefore that the title of appellee in the land in question was merely an equitable one, and as such it was not subject to levy or sale under execution, and that appellant's remedy for subjecting the same to the payment of her debt is under the provision of section 439 of the Code and not under section 1681 or 1709 of the Kentucky Statutes." :

As the legal title to the land attempted to be subjected was in the Fidelity Trust Company, and Deweese only had an equitable title and contingent interest, we think as held by the Court in the Goodin case that the proper practice would have been to have the execution returned "no property found" and then have brought an equitable action under section 439 of the Civil Code for the purpose of acquiring a lien upon and in due time subjecting the interest of Deweese to the satisfaction of the judgment. We do not think that section 1691 of the Kentucky Statutes is applicable to the state of facts presented by the record, or that under the authority of this section the interest of Deweese could be subjected to the satisfaction of the judgment appellant had obtained against him. Section 1691 has reference to equitable proceedings to subject equitable interests or incumbered land that has been sold under execution and not to proceedings to subject land that is not subject to levy or sale under execution. There is no conflict between the statute and the code provisions. They were intended to and do relate to very different states of case. Sections 1684, 1690 and 1691 of the Kentucky Statutes clearly set forth the conditions under which the practice therein prescribed may be invoked, and have no reference to a case in which the property is not subject to seizure or sale under an execution. When a judgment debtor owns an interest in land, as in this case, that can not be subjected by execution the judgment creditor must proceed in the manner pointed out in section 439 of the Code to subject it,

But, passing what we conceive to be an error in the method by which it was attempted to subject this interest, and dealing directly with the merits of the case, we are of the opinion that the chancellor in the order first made afforded to appellant the only relief to which it was entitled. It is true that section 2341 of the Kentucky Statutes provides that—

"Any interest in or claim to real estate may be disposed of by deed or will in writing."

And it was held in McAllister v. Ohio Valley Banking Co., 114 Ky., 540, that a contingent remainder in land is a vendible estate and that a deed of assignment conveying all real and personal estate of every description passed to the assignee a contingent remainder in land owned by the assignor. And in White's trustee v. White, 86 Ky., 602, that a contingent remainder owned by the assignor was the subject of sale under a decree to settle the assigned estate. And in Davis v. Willson, 115 Ky., 639, that a contingent remainderman could mortgage his contingent interest. So that under the authority of these cases as the contingent interest of Deweese in the property mentioned might have been disposed of by him the argument is made that as he might dispose of it, so a creditor could subject it and hence the chancellor should have ordered a sale of the property. While we are satisfied that a contingent interest in land may be subjected in an equitable action to the payment of an unsatisfied judgment against the contingent remainderman, the question remains—when and under what conditions will a court of equity subject it. Will it order an immediate sale without regard to the loss such a sale might entail upon the owner of the contingent estate, or will it have some care to protect the owner from the sacrifice a present sale would work. Of course, the right of the creditor to collect his debt is not to be denied, but under certain conditions it may be postponed and should be when it is made to appear that an immediate sale must be at a great sacrifice. This case furnishes a good example of a situation that might well induce the chancellor to postpone a sale. If Deweese survives his mother, Annie Deweese, and his sister Anette is living, he will take an undivided one-half interest in the property; and if his sister should die childless before his mother, he will take the whole of the estate. The judgment is for

some four or five hundred dollars, and the property in which Deweese has an interest is said to be worth about $25,000.00. It is therefore apparent that a purchaser who was willing to take a chancing bargain might obtain property worth several thousand dollars for a few hundred dollars; and equally apparent that the sale of this undivided contingent interest could not be made at anything like its fair or reasonable value. As well said by the chancellor.

"The interest of Deweese is now too remote, uncertain, speculative and contingent to be presently sold, except at a speculative and ruinous sacrifice."

As the appellant was in a court of chancery, asking its aid to assist it in enforcing the collection of a debt, it was proper that the chancellor should adjudicate the rights of the parties in such a manner as to do justice to the creditor without unnecessarily sacrificing the interest of the debtor. And this equitable adjustment the chancellor attempted to make when he directed as in the first order that—

"If the plaintiff so elects, this case will be retained and continued until such present uncertain speculative and contingent interest of the defendant Deweese in the property vests and becomes certain, vendible, salable and enforcible against the defendant trustee; and when that event occurs * * * the share and interest of the defendant Cornelius Deweese may be subjected to sale herein for the satisfaction of plaintiff's debt, interest and costs.

We think this was all the relief to which the plaintiff under the circumstances was entitled, and so the judgment is affirmed.

Judge Miller not sitting.