## Ollie Maynard and A. J. Maynard v. Thompson.

(Decided December 2, 1921.)

### Appeal from Pike Circuit Court.

1. Execution—Equity in Real Estate.—A mere equity in real estate cannot be levied on by execution and sold, and if it is the purchaser at such sale gets nothing.
2. Mortgages—Execution of Before Obtaining Legal Title.—Where the purchaser of land paid all the purchase price and erected improvements thereon before he obtained a conveyance for the legal title, a mortgage executed jointly by him and the holder of the legal title is properly adjudged valid in an action by his wife to have the same cancelled upon the ground that she had paid the purchase price and for the improvements thereon, the evidence to that effect being unsatisfactory.

O. A. STUMP for appellants.

W. K. STEELE, E. J. PICKLESIMER and PICKLESIMER & STEELE for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

On the 16th of October, 1912, appellant, A. J. Maynard, contracted to buy from his brother, Hays Maynard, one acre of land on the Burning Fork of Raccoon creek in Pike county, and on that day executed to Hays Maynard his note for fifty dollars in payment therefor.

A. J. Maynard was at the time married to his co-appellant, Ollie Maynard, and shortly after such purchase there was erected on the one acre a cottage into which they moved, the improvements costing about two hundred and fifty dollars.

In April, 1914, A. J. Maynard, being required to raise about one hundred and thirty dollars, procured certain persons to become his sureties on a note at a bank at Pikeville for that amount and agreed to secure them in their suretyship by mortgage on this tract of land. Among the sureties on the note was his brother, Hays Maynard, who had not at that time made him a deed for the one acre, although the purchase price of fifty dollars thereon had been paid or practically paid. The other persons who had agreed to become the sureties of A. J. Maynard, finding that the legal title to the property was still in Hays Maynard, required Hays Maynard and his wife to join in the mortgage to them, which mortgage,

however, was also signed and acknowledged by A. J. Maynard, but not by his wife.

Thereafter the sureties in that note were compelled to pay the same, and in June, 1917, assigned the same to the appellee, Wade Thompson, he having repaid to them their money. This is an equitable action by Ollie Maynard in which her husband, A. J. Maynard, joins, wherein she seeks to have the mortgage cancelled upon the ground that she and not her husband was the purchaser of the one acre and that she had paid the purchase price therefor and for all the improvements erected thereon.

A few days before this action was instituted, and on the 20th day of October, 1917, Hays Maynard, the brother of A. J. Maynard, from whom the one acre had been bought, conveyed the same to A. J. Maynard and Ollie Maynard, jointly, and that was the first conveyance to them, or either of them, of the legal title. The defendant Thompson in his answer and counterclaim set up the mortgage and the fact that the sureties mentioned therein had paid the note and had assigned to him the benefit of the mortgage; and in a separate paragraph alleged that in a certain action theretofore pending in the Pike circuit court Belle Miller Thompson, his wife, had recovered judgment against A. J. Maynard upon which execution was issued and levied by the sheriff upon the land described in the petition and was, on the 18th day of June, 1917, exposed to sale, whereupon he, defendant, became the purchaser of said land at the sale for the sum of ninety-five and 57/100 dollars, and he says that he thereby acquired another lien on said property for that amount and he prays that he be adjudged the owner of the one acre tract of land described in the petition, but asks in the alternative that if this cannot be done that he be adjudged a lien thereon for the amount of his bid at the execution sale and for the further sum of one hundred and thirty dollars, the amount of the note stated in the mortgage which had been paid by A. J. Maynard's sureties and the benefit of which had been assigned to him, and for a sale thereof and enforcement of the liens.

On a submission the court dismissed the plaintiff's petition and adjudged appellee to be the owner of and entitled to the possession of the one acre tract of land and from that judgment this appeal is prosecuted.

When the mortgage was executed in 1914 the legal title to the land was still in Hays Maynard, but his

brother, appellant A. J. Maynard, had an equity therein; and Hays Maynard being then the owner of the legal title and A. J. Maynard having, so far as we can see, the only equity therein, the mortgage then executed by them placed the land in lien to the sureties; and the subsequent conveyance by Hays Maynard to A. J. Maynard and his wife, jointly, necessarily was made subject to that mortgage.

A. J. Maynard was certainly the original purchaser and paid all the purchase money. The evidence that his wife furnished any part of it or paid for any part of the improvements is unsatisfactory.

But we are unable to understand upon what ground the chancellor below adjudged appellee to be the owner of the legal title and entitled to the possession. The execution sale at which he became the bidder and under which he claims, was had at a time when the legal title still remained in Hays Maynard, and that being true there was nothing for the officer to levy upon which could be reached by an execution and the purchaser at the sale took no title under it.

A mere equity in real estate cannot be levied on by an execution and sold; and if it is the purchaser at such a sale gets nothing. Newsom v. Kurtz, 86 Ky. 277; Goodwin v. Wilson, 24 R. 1521.

But even if the legal title had, at that time, been in A. J. Maynard, Thompson, the purchaser at the sale, would have, under section 1709, Kentucky Statutes, acquired only an additional lien thereon, because the mortgage was at the time in full force and effect.

The chancellor erred in adjudging appellee to be the owner of the tract of land, but on his counterclaim he should have been adjudged a lien thereon under the mortgage, and an enforcement of it.

The judgment is reversed, with directions to enter a judgment as herein indicated.