## Evans v. Wheeler, et al.

### Sears v. Same.

(Decided February 24, 1925.)

### Appeals from Johnson Circuit Court.

1. Courts—Rule of Property Adhered to in Absence of **Potent** Reasons for Overruling Opinion Establishing it.—Rule that **only** land to which execution defendant has legal title can be **sold** under execution, under Ky. Stats., sections 1681, 2355, being rule of property, should be adhered to, unless there are potent **reasons** for overruling opinion establishing it.

2. Execution—Rule that Only Legal Estate May be Sold Adhered **to** where Land is Held in Trust, Subject to Certain Uses.—Rule that only land in which execution defendant has legal estate **may be** sold under execution will be adhered to, where land is held **in** trust subject to certain uses, and in all cases except naked, **dry** trusts.

3. Execution—Grantors' Carried Interest Under Deed of Oil **Leases** Held Not Subject to Levy.—Grantors' interest under conveyance of oil and gas leases, subject to carrying of undivided quarter interest therein for grantors on numerous trusts, requiring trustee to spend much money and reconvey carried interest only **when** proceeds of wells were sufficient to pay it all back, held not subject to levy under execution; not being naked, dry trust, and **not** leaving legal title to such interest in grantors.

4. Fraudulent Conveyances—Antecedent Creditors Without Lien Cannot Complain of Unrecorded Transfer of Debtors' **Property.**

—Antecedent creditors without lien on grantors' interest, carried by grantees on trusts stated in deed of all grantors' oil and gas leases, cannot complain that subsequent transfers of such interest were not recorded when made.

KIRK & KIRK, HELM BRUCE, PRICHARD & MALIN, B. S. WILSON and BRUCE, BULLITT & GORDON for appellant Evans.

B. S. WILSON for appellant Sears.

W. H. VAUGHAN, GEORGE B. MARTIN, O'REAR, FOWLER & WALLACE and J. WOODFORD HOWARD for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing on both appeals.

These two appeals, which have been heard together, will be disposed of in one opinion.

In May, 1917, Raymond M. Bond and Warren C. Daniel owned eighty-five oil and gas leases in Johnson, Magoffin, Morgan and Lawrence counties. On May 23rd they executed a deed to the Midsouth Oil Company by which, in consideration of $14,000.00 and the covenants and agreements stated in the deed, they sold, assigned and transferred unto it all these leases to have and to hold unto it and its assigns forever, subject to the carrying for Bond and Daniel by it of an undivided one-fourth interest in the leases upon the trust and terms set out in the deed. The trusts and terms were these:

The company should drill certain wells at its own cost and bear all expenses in getting out and selling the oil and gas and advance all money necessary for that purpose; one-fourth of same to be charged against the carried interest. Bond and Daniel were to be at no personal liability therefor if the carried interest never paid out and no interest was to be computed thereon. The relation of partnership was not created, but any balance due from Bond and Daniel upon their quarter of the cost and expenses was to be a lien upon the carried interest until fully paid out, and no sale made by them should pass the same clear of the lien. The company should never bring suit against the carried interest for any balance due it. The only way it should reimburse itself for its expenses and money advanced was from the sale of oil and gas products or from the sale of the joint interest upon a joint deed by the parties; but either party had the right to sell his interest under the contract to another.

The company was to keep an account and render a statement to Bond and Daniel showing the balance due on the carried interest once a quarter. When the proceeds from the sale of oil and gas paid what was due on the carried interest for its proportion of the cost and expenses, then the carried interest should be deemed to be paid out and the same should be reconveyed to Bond and Daniel by the company.

On November 14, 1917, Bond and Daniel, by a writing duly signed and acknowledged by them, sold and conveyed to W. F. Edwards the carried interest which they took under the above contract. This paper was held by Edwards until May 27, 1920, when he sold and transferred this interest to D. T. Evans, and Evans had the transfer to Edwards and the transfer from Edwards to him recorded on August 25, 1920.

In the meantime R. A. Patrick and H. G. Welch on October 12, 1918, instituted an action in the Johnson circuit court against Raymond M. Bond and Warren C. Daniel to recover damages for the breach of a contract made with them a year before, and in this action a judgment was rendered in their favor against Bond and Daniel for $5,785.00. On this judgment an execution was issued on September 5, 1919, directed to the sheriff of Magoffin county and was levied on the interest of Bond and Daniel in the leases in Magoffin county. The property was sold on October 27, 1919, and bought by the plaintiffs. The sheriff made them a deed. Daniel was not before the court. The judgment was void as to him.

Before the sale to Edwards, Bond and Daniel had sold to Mortimer A. Sears one-twentieth of their interest, and this was reserved in the sale to Edwards. In September, 1920, Evans brought this suit against Patrick and Welch and Sears and two other claimants, alleging that they had no interest in the property and asking that his title be quieted. The issues were made up and on final hearing the circuit court dismissed Evans' petition and also Sear's cross-petition. They appeal.

The testimony of Edwards is uncontradicted that he paid Bond and Daniel $7,500.00 for the transfer of the property to him and that this was paid in a debt they owed him. The testimony of Evans is uncontradicted that he paid Edwards $2,000.00 in cash for the transfer of the property to him. While it is charged that these transfers were fraudulently made to defeat creditors and

that Evans' purchase was champertous, there is nothing in the record to sustain this. So far as appears the liability of Bond and Daniels to Patrick and Welch was created before the transfer to Edwards and that transfer was based upon a valuable consideration. So far as appears Edwards was under no liability to any of the parties when he transferred to Evans. There is proof showing that Evans had notice of the execution sale of Bond's interest and its purchase by Patrick and Welch when he bought of Edwards. But this is not very material, for the reason that they had filed a *lis pendens* notice as provided by the statute, so the real question on this branch of the case is, was the execution sale valid? This turns on the question, was the property subject to levy and sale under the execution? Section 1681 and section 2355, Kentucky Statutes, are in these words:

> "Land to which the defendant has a legal title in fee for life, or for a term, whether in possession, reversion or remainder, may be taken and sold under execution.
>
> "Estates of every kind held or possessed in trust shall be subject to the debts and charges of the persons to whose use, or for whose benefit, they shall be respectively held or possessed, as they would be subject if those persons owned the like interest in the property held or possessed as they own or shall own in the use or trust thereof."

In People's Trust Company v. Deweese, 143 Ky. 730, this court, having before it the effect of section 2355, after quoting section 1681, said:

> "It is clear that this section forbids the seizure or sale of real estate under execution unless the execution defendant has the legal title.
>
> "As the legal title to the land attempted to be subjected was in the Fidelity Trust Company, and Deweese only had an equitable title and contingent interest, we think, as held by the court in the Goodin case, that the proper practice would have been to have the execution returned 'no property found' and then have brought an equitable action under section 439 of the Civil Code for the purpose of acquiring a lien upon and in due time subjecting the interest of Deweese to the satisfaction of the judgment."

In response to an earnest petition for rehearing, 144 Ky. 172, the court held:

"That the levy of the execution did not create a lien as the legal title to the land levied on was not in the execution defendant. The remedy of the judgment creditor was to have an execution returned 'no property found,' and proceed under section 439 of the Civil Code."

This decision followed Newsome v. Kurtz, 86 Ky. 277, and Goodin v. Wilson, 114 Ky. 716. Louisville Tobacco Warehouse Co. v. Thompson, 172 Ky. 350, was an action in equity to subject the interest of the beneficiary in the trust estate and in nowise conflicts with the above. Akers v. Fidelity Trust Co., 192 Ky. 850, was also an action in equity to subject the trust fund. Eastland v. Jordan, 3 Bibb 186, involved the sale of a slave and was decided in 1813 under the statute then in force. The act of 1789, then in force, did not contain such a provision as 1681, above quoted, 1 M. & B. 443. Blanchard v. Taylor, 7 B. Mon. 645, involved only a naked, dry trust, the deed there having been made to Richard Taylor, attorney, for Phillip Buckner. The court there seemed to regard the act of 1828 as not changing the rule under the old statute. The statute, precisely as we have it, first appears in the Revised Statutes of 1851 and has remained unchanged since then. Campbell v. Galreath, 12 Bush 459, involved only personal property which the husband was held to hold constructively in trust for his wife. Johnson v. Barnes, 4 S. W. 176, was affirmed by an equally divided court on an appeal from the judgment of the circuit court, holding the execution sale void. These are all the cases relied on and we do not see that they conflict with the People's Trust Company v. Deweese above cited. The question was maturely considered and being a rule of property the ruling should be adhered to, unless there are potent reasons for overruling the opinion. The statute requiring only a legal estate in land to be sold under execution is a part of the law requiring the land to be appraised by three disinterested housekeepers before it is sold and giving the defendant one year to redeem. Where land is held in trust subject to certain uses the valuation of the land might furnish very poor evidence of the value of the defendant's interest, and in such cases the bidders at the sale would not know what they were buying and the defendant's property would, in many

cases, be sacrificed. On the other hand, if such interests are sold by the chancellor and the rights of the defendant under the trust are first defined by the court, the bidding will be more intelligent and the rights of all the parties will be better preserved. We, therefore, adhere to the rule above indicated in all cases other than a naked, dry trust as in Blanchard v. Taylor, and that question is not decided. Maynard v. Thompson, 193 Ky. 130.

It is earnestly insisted for appellee that the conveyance from Bond and Daniel to the Midsouth Oil Company conveyed only three-fourths of the property and left the legal title to the one-fourth of it in them. But we cannot so read the deed. In apt terms the whole property is conveyed to the grantee, subject to the carried interest, which is held in trust. Numerous trusts are provided. It is by no means a naked or dry trust. The trustee is required to spend a large amount of money, one-fourth of which is to be charged against this carried interest and the trustee is to look alone to the carried interest to get the money back. When the proceeds of the wells are sufficient to pay back all the money then the trustee is to reconvey the carried interest to Bond and Daniel. The trust extends to the whole eighty-five leases in all four of the counties. The trustee is not required to reconvey any part of the property until all the money spent on all the leases has been earned. In this case there was an effort to sell under execution the leases in Magoffin county. No one could know what he was buying at such a sale. If there is any case where the property should be subjected in equity so that the bidders will know what they are buying and the interest of all the parties properly protected, certainly this is one of them under the terms of this contract. The court is, therefore, of the opinion that the execution sale was void and passed no title. The property not being subject to levy under execution, Patrick and Welch acquired no lien on it by the levy of the execution. This is the only right to it that they set up in their pleadings and this presents no defense to the action. In fact as they are antecedent creditors and without a lien, they cannot complain that the transfer to Edwards and Sears and from Edwards to Evans were not recorded, when made. In such cases the older equity prevails against the antecedent creditor; Mason, &c. v. Scruggs, 207 Ky. 66; In the Matter of Duker Avenue Meat Market, decided December 8, 1924, U. S. Cir. Ct. Ap., 6th Circuit, 2 Fed. N. S. 699.

The circuit court probably intended the amended judgment entered February 7, 1923, to set aside the whole of the judgment entered January 23, 1923, relating to Wheeler and Cooper, but to remove all uncertainty on the return of the case a judgment will be entered setting aside the whole of the judgment of January 23, 1923, and giving judgment in favor of Edwards and Sears as above indicated.

Judgment reversed and cause remanded for a judgment for appellants.