# Witt's Trustee in Bankruptcy v. Griggs et al.

(Decided Oct. 25, 1935.)

MARCUS C. REDWINE for appellant.

BENTON & DAVIS and JOUETT & METCALF for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This is an appeal from a judgment and certain orders of the Clark circuit court entered in the suit filed therein of the trustee in bankruptcy, seeking the subjection and sale of the rights and interests in certain

property of the bankrupts, Hugh E. Witt and Susan A. Witt, which has been, under the will of Grant Witt, devised them jointly with the appellee Minnie Lois Griggs.

Grant Witt died in 1928 a resident of Winchester, Ky., and the owner of the several houses and lots here involved, which by clauses 4 and 5 of his duly probated will he devised to his widow and two children as follows:

"Clause 4. I devise and bequeath the remainder of my property of every character, real and personal, to my wife, Susie A. Witt, to be held, used and controlled by her as long as she lives or remains my widow. If my wife should re-marry, then from the date of such remarriage she shall have the use and control, while she lives, of only one half of the property devised and bequeathed to her for her use by this clause of my will and upon such remarriage, the other half of said property shall then immediately pass and belong to my two children, Hugh E. Witt and Minnie Lois Witt, in equal shares, or, if either of them has died without leaving issue, the survivor or his or her issue shall take the share of the one so dying.

"Clause 5. At the death of my wife, the property given to her for her use by the fourth clause of this will shall pass and belong in equal shares to my two children, Hugh E. Witt and Minnie Lois Witt, or their issue, but if either of them shall have died before that time without leaving issue, the share of the one so dying shall pass to the survivor or his or her issue."

For many years the testator, Grant Witt, has been a successful businessman of Winchester, Ky., who acquired this property which by his will he devised to his widow, Susan A. Witt, and his two children, Hugh E. Witt and Minnie Lois Griggs. After his death, his son and widow engaged as partners in a plumbing business conducted under the title of Grant Witt & Son, in the management of which they soon became badly involved and were adjudged bankrupts. The daughter, Minnie Lois Griggs (the appellee), a codevisee of the property here involved, was not a member of their partnership firm. However, prior to the bankruptcy of this partnership business of her mother and brother, they had become indebted to the Commercial Deposit Bank of

Winchester, Ky., and had executed to it, as security for their debt, a mortgage upon their interests in the property jointly devised them together with the appellee, Minnie Lois Griggs, as stated above. Minnie Lois Griggs, though owing no part of this mortgage debt, had none the less united with her mother and brother in the execution of their mortgage to the bank, whereby, for their accommodation, she placed in lien to it her interest and right in these certain houses and lots here involved which had been by her father, Grant Witt, devised her jointly, as stated, with her mother, Susan A. Witt, and brother, Hugh E. Witt.

In June, 1933, the large plumbing business owned and operated by Grant Witt's widow, and son, Hugh E. Witt, having failed, they filed their voluntary petition in bankruptcy, listing claims of their general creditors in the sum of nearly $20,000 and lien debts of about $10,000, owing principally to the appellee Commercial Deposit Bank. The bankrupt estate was appraised at some $22,000.

In the bankruptcy proceeding the appellant E. M. McGarry (plaintiff below) was appointed trustee and the Grant Witt & Son business closed out by her. The property devised the bankrupts by the Grant Witt will was taken in charge by the trustee and her attorney.

In March, 1934, upon the advice and order of the referee, the trustee instituted this plenary action in equity in the Clark circuit court, seeking to have subjected and sold all the real estate in which interests were devised the bankrupts, including the property jointly owned by them and Minnie Lois Griggs, which had been placed in mortgage lien to the bank.

The codefendant bank, here an appellee, answered, setting out its lien debt of $8,800 and interest owing it by Susan A. and Hugh E. Witt and its lien upon the property mortgaged it by them and the appellee Minnie Lois Griggs, as the joint devisees and owners thereof under Grant Witt's will.

In this plenary suit filed in the Clark circuit court by the trustee, the petition set out fully the facts in regard to the joint ownership of the property of the bankrupts with Minnie Lois Griggs, as devised them under Clauses 4 and 5 of Grant Witt's will, supra, and also the determination and adjudication made as to their re-

spective rights, title, and interest in the property, so devised them by the will, as it was construed and adjudged in the United States District Court, holding that defeasible fee interests in remainder were thereby devised the bankrupt Hugh E. Witt and his sister, Minnie Lois Griggs, and which defeasible interest of the bankrupt Hugh Witt was and could be subjected to sale for payment of his debts; and that, upon sale thereof, the purchaser would take his title subject to its defeasance upon the contingencies named in the devise.

However, without contesting the district court's holding that the interests of the bankrupts in the devised property were subject to sale for the payment of their debts, both the defendant Commercial Deposit Bank (the mortgagee) and Minnie Lois Griggs, as a joint devisee, who had joined in executing the mortgage to it of her joint interest in the devised property, opposed an immediate enforcement of the mortgage thus jointly executed to the bank, upon the grounds that, though the trustee was entitled to subject the bankrupts' interest in the property, she was without right to an immediate foreclosure and sale of this jointly owned property, held in lien to the bank, as Minnie Lois Griggs, a joint owner of it, was a stranger to the bankruptcy proceeding; that the bankruptcy court was not in possession of the property; that Minnie Lois Griggs was only an accommodation mortgagor of her interest in the property to secure the debts owing the bank not by her but by her bankrupt mother and brother; also in view of the confused state of the title under which the bankrupts jointly held with her the devised property as subject to defeasance upon the contingencies named, that, if the property were then sold, these defeasible interests of her mother and brother therein at this time having no practical or vendible value, it would result that her vested though defeasible remainder interest in the property would be sacrificed and lost to her by reason of its premature sale, or before the interest of the brother, Hugh E. Witt, in the property, which was first subject to sale for his debt, became one of substantial and vendible value as an indefeasible fee interest in the property upon the termination of the life estate of the mother, conditioned upon his surviving her; that the mother was then a very old woman, having but a brief life expectancy; and that, upon her death without remarriage, and they surviving her, the

property devised them under the will would then be held by them under fee-simple title, when a sale of the brother's one-half interest therein would be of sufficient value to practically satisfy the mortgage debt owing the bank, without the loss and destruction of her interest in the property, but which loss and destruction would result from its premature sale for the satisfaction of a debt no part of which she owed.

The mortgagee bank also concurred in the fairness and equity of this contention, admitting that a present sale of the mortgaged property for its debt of $10,000 would in all probability result in their being no bidders therefor other than it, as mortgagee, and that the whole property would likely be sold it for an amount not in excess of its debt, even if for so much. For such reason both defendants asked the court to refuse the appellant's motion for present sale and appoint a receiver for the property, to take and manage it, apply its rents and income to the payment of its taxes and repairs and payment of the remainder of the rents collected as he might be directed by the court upon report of rental income made, as directed, by the receiver at each term thereof.

Appellant, on the other hand, contends that, even if such were the situation and likely result of a present sale of the property, it did not justify the appointment of a receiver, as the property was worth (the trustee alleged) more than the bank's mortgage debt and entitled trustee to have a present sale adjudged made of the property, to the end that the surplus proceeds remaining after the payment of the mortgage debt might go, to the extent of the bankrupts' interest therein, to the present satisfaction of the claims of their general creditors.

The learned chancellor, concurring in the view and adjudication of the district court, to the effect that the interests of the joint devisees in the mortgaged property were of such defeasible and uncertain value, during the life of their mother, as to give them no present substantial or vendible value and that the present sale of such interests would, in all probabilty, result in there being no proceeds derived therefrom, after payment of the mortgage, for the satisfaction of the general creditors' debts and would in addition, while without benefit to them, yet result in the sacrifice of the appellee Min-

nie Lois Griggs' interest in the property, denied the trustee's motion for its present sale and appointed a receiver for its temporary handling and collection of rents, directing that they be applied to the payment of taxes, insurance, etc., as ordered, upon the grounds that in so ruling he was exercising his sound legal discretion in a way to avoid the sacrifice of the rights of Minnie Lois Griggs in the property, when same was without injury to the rights of the general creditors of the bankrupts, who, though entitled to share in the surplus proceeds derived from the later sale of the bankrupts' interest therein, would be benefited by its sale when enhanced in value by reason of the reduction of the bank's prior mortgage debt, through the receiver's making the directed rental payments thereon during the pendency of the receivership—the brief period of the short life expectancy of the aged life tenant—whereupon the interests of the mortgagor bankrupt might and would in all probability then become of such substantial, vendible value, as a fee interest in the property, as to be in itself sufficient to pay the mortgage debt.

The propriety of the chancellor's refusing a present sale of the mortgaged property, as sought by the trustee, is challenged by appellant as a denial to her of her legal right, as trustee for the creditors, to have the interest of the bankrupt debtors now subjected to immediate sale for the satisfaction of their general claims, however uncertain in value the interests of the bankrupt debtors in the devised property may be, and regardless of the effect the present sale of the interests of the bankrupt debtors may have upon the interest of the codevisee.

In answer to this contention, we are of the opinion that the chancellor's judgment was fully authorized under the equitable principle and doctrine declared and applied by this court in the case of People's Trust Co. of Madison, Ind., v. Deweese, 143 Ky. 730, 137 S. W. 201, 205, where a situation much like the one before us was presented and where the court refused the present sale sought by trustee and appointed a temporary receiver to care for and rent out the property until the uncertain interests of the parties sought to be subjected by a present sale might become of substantial and vendible value, the court there saying:

"While we are satisfied that a contingent interest in land may be subjected in an equitable action to the payment of an unsatisfied judgment against the contingent remainderman, the question remains, When and under what conditions will a court of equity subject it? Will it order an immediate sale, without regard to the loss such a sale might entail upon the owner of the contingent estate, or will it have some care to protect the owner from the sacrifice a present sale would work? Of course, the right of the creditor to collect his debt is not to be denied; but under certain conditions it may be postponed, and should be, when it is made to appear that an immediate sale must be at a great sacrifice. This case furnishes a good example of a situation that might well induce the chancellor to postpone a sale. If Deweese survives his mother, Anna Deweese, and his sister Anette is living, he will take an undivided one-half interest in the property; and if his sister should die childless, before his mother, he will take the whole of the estate. * * * It is therefore apparent that a purchaser who was willing to take a chancing bargain might obtain property worth several thousand dollars for a few hundred dollars, and equally apparent that the sale of this undivided, contingent interest could not be made at anything like its fair or reasonable value. As well said by the chancellor:

" 'The interest of Deweese is now too remote, uncertain, speculative, and contingent to be presently sold, except at a speculative and ruinous sacrifice.'

"As the appellant was in a court of chancery, asking its aid to assist it in enforcing the collection of a debt, it was proper that the chancellor should adjudicate the rights of the parties in such a manner as to do justice to the creditor without unnecessarily sacrificing the interest of the debtor. And this equitable adjustment the chancellor attempted to make when he directed, as in the first order, that:

" 'If the plaintiff so elects, this case will be retained and continued until such present, uncertain, speculative, and contingent interest of the de-

fendant Deweese in the property vests and becomes certain, vendible, salable, and enforceable against the defendant trustee; and when that event occurs * * * the share and interest of the defendant Cornelius Deweese may be subjected to sale herein for the satisfaction of plaintiff's debt, interest, and costs.'

"We think this was all the relief to which the plaintiff under the circumstances was entitled."

Our conclusion is that the like disposition made by the chancellor of the like questions here presented was well supported by the principle and ruling made and approved by us in the Deweese Case. This being, as we view it, the main question here presented for our determination, we deem it unnecessary to further extend this opinion by a discussion of other points presented—as to the merit of which we express no opinion—but same are expressly reserved without prejudice to their later determination.

Therefore, being of the opinion that the relief here granted by the chancellor was all to which the plaintiff under the circumstances presented was entitled, the judgment is affirmed.