## In re HENRY SIEGEL CO.

(District Court, D. Massachusetts. November 27, 1914.)

No. 20297.

BANKRUPTCY ☞330—PROOF OF CLAIMS—BILL OF PARTICULARS—POWER OF REFEREE.

    Bankr. Act (Act July 1, 1898, c. 541, 30 Stat. 562 [Comp. St. 1913, § 9647]) § 63b, provides that unliquidated claims against the bankrupt may be liquidated in such manner as the court shall direct, and may thereafter be proved and allowed. Section 2, subsec. 15 (section 9586), provides that courts of bankruptcy are thereby invested with jurisdiction to make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of that act. *Held*, that a referee had power to require creditors to file a bill of particulars as to a certain item of their claim, whether their claim was a liquidated or an unliquidated claim, and, having such power, the matter was within his judicial discretion.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 517, 519, 521; Dec. Dig. ☞330.]

In the matter of the Henry Siegel Company, bankrupt. On petition for review of an order of the referee requiring claimants to file a bill of particulars. Order affirmed.

See, also, 216 Fed. 943; 223 Fed. 369.

George R. Nutter, of Boston, Mass., for trustee.

Albert S. Woodman and Tyler, Corneau & Eames, all of Boston, Mass., for creditors.

MORTON, District Judge. These creditors, having filed a proof of claim, were ordered by Mr. Referee Olmstead, upon motion of the trustees, to file a bill of particulars as to a certain item thereof. The only question presented by the certificate is whether the referee had power to make such an order.

The creditors now contend that their claim is for an unliquidated amount, and that their proof of claim is to be regarded as the first step in an endeavor to establish their claim and to liquidate the amount of it. This is a different position from that taken by them before the referee, where the claim seems to have been treated by all parties as already liquidated.

If the proof be regarded as relating to an unliquidated claim, which the creditors now say is the case, it was clearly within the referee's power, under section 63b, to order full specifications of the crucial item therein, as one step in the proceedings for the liquidation of the amount alleged to be due. If the claim be regarded as for a liquidated amount, I am still of opinion that, under section 2, subsection 15, and the other sections and order referred to by him, as well as under his general control as a judicial officer of the proceedings before him, the referee had the power to make the order in question.

If the referee had such power, the matter lay within his judicial discretion. No facts are stated in the certificate from which I can say

that such discretion was erroneously exercised, and no request is made by the petitioners for review that the certificate be sent back to the referee for a statement of the facts on which his discretionary power was exercised. It is hard to imagine a case in which an order of this character would be held to be an abuse of judicial discretion. Upon the facts informally stated by counsel at the hearing on this petition for review, it seems to me that the referee was probably right. There is certainly no such likelihood that an injustice has been done as to require the court of its own motion to send back the certificate for a fuller statement of the case.

The order of the referee is affirmed.