## Larimore and Perkins v. Perkinson, et al.

(Decided February 24, 1925.)

### Appeal from Trimble Circuit Court.

1. Appeal and Error—Chancellor's Judgment on Finding as to Witnesses' Credibility Not Disturbed.—Judgment based on chancellor's finding as to witnesses' credibility cannot be disturbed on facts.

2. Fraudulent Conveyances—Deed Pursuant to Unrecorded Bond Given Before Debt was Contracted Void as to Creditors Except as to Homestead Conveyed.—Under Ky. Stats., section 496, as amended by Laws 1916, c. 41, and section 497, husband's deed to wife, pursuant to unrecorded bond given two years before husband, while holding record title, made contract from which debt to others, without notice of wife's equity, originated, cannot be sustained as against such subsequent creditors, except as to homestead conveyed.

3. Fraudulent Conveyances—Wife Held Not Innocent Purchaser, and Deed to Her Void.—Where husband gave title bond to wife, whose money was used in purchase of property, but deed, though then prepared, was not executed until several years later, when it was executed to hinder and delay creditors, whose debts were incurred in the interval, wife held not an innocent purchaser within section 1906, Ky. Stats., in view of section 496, as amended by laws 1916, chapter 41, and deed was invalid except to extent of conveyance of homestead.

4. Appeal and Error—Propriety of Judgment Against Defendant Not Appealing Not Considered on Appeal from Dismissal of Petition Against Codefendant.—Whether judgment against defendant not appealing is warranted by evidence cannot be considered on plaintiffs' appeal from dismissal of petition as against codefendant.

EDWARDS, ODGEN & PEAK for appellants.

CHARLES CARROLL and EUGENE MOSLEY for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

On February 10, 1914, J. T. Boyers conveyed to R. A. Perkinson, in consideration of $5,500.00, a tract of land containing about sixty-five acres in Trimble county. Perkinson moved on the land with his family. On December 30, 1917, a written contract was made, signed by him and his wife, M. J. Perkinson, reciting that it was understood between them that she had invested certain money of hers in the purchase of the property and it was agreed between them that the deed to the property was to be made to them jointly, but by mistake or oversight the property was deeded to him, and that to correct the mistake this bond for a deed was given and R. A. Perkinson agreed, as soon as possible, to make a deed and convey to her by general warranty one-half the property, except R. A. Perkinson's eight hundred dollars he inherited from his father's estate and uncle Wes Rowlett. This paper was drawn by a lawyer for them but was not recorded and the deed was not made then. About January, 1919, R. A. Perkinson entered a partnership composed of appellants, J. V. Smith and himself, buying and selling tobacco. This business continued until September, 1920, when the firm had sustained a loss of about $20,000.00. On November 23, 1920, R. A. Perkinson acknowledged a deed to his wife for about thirty-five acres of the above land pursuant to the bond made December 30, 1917. This deed was then recorded. On February 6, 1921, appellants filed this suit against R. A. Perkinson and his wife to recover judgment against him for the balance due them on the settlement of the partnership, to set aside the deed to M. J. Perkinson and to subject the land to the debt. The issues were made up, proof was taken and on final hearing the circuit court entered judgment in favor of appellants against R. A. Perkinson for the sum of $3,459.59, with interest and cost, and dismissed their petition in so far as it sought to set aside the deed to M. J. Perkinson and subject the land to their debt. The plaintiffs appeal.

The execution of the bond on December 30, 1917, is clearly established by the evidence. It is also clearly established that it was agreed between the husband and wife when the land was bought that the deed was to be taken to them jointly and that the wife when she learned that the deed had been made to the husband complained and some difference arose between her and her husband.

To settle this difference he executed the bond, but after the bond was executed failed to execute the deed for some reason. The evidence is not entirely satisfactory that the wife paid half of the purchase money, but she testifies that she had about $2,500.00 that went into the property, and under our rule not to disturb the finding of the chancellor on the credibility of the witnesses, the judgment cannot be disturbed on the facts.

Previous to 1916 it was the well established rule in Kentucky that if the execution creditor had notice of an older equity in the land in favor of another before the sale of the land under the execution in his favor, although the older equity was evidenced by an unrecorded bond or deed, the older equity would prevail. It was also well settled that where under this rule the court would have required the husband to make a transfer to his wife it would approve the transfer that he made voluntarily. Low, etc. v. Blincoe, 10 Bush 332; Goff v. Daniels, 162 Ky. 619; Morgan v. Eversole, 171 Ky. 624. In Campbell v. Galbreath, 12 Bush 463, the court added this: "That the husband was insolvent so far from destroying her rights increased them."

But in 1916 the legislature changed the statute and amended section 496, Kentucky Statutes, so as to read as follows:

"No deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage shall be acknowledged or proved according to law and lodged for record. The word 'creditors' as used herein shall include all creditors, irrespective of whether or not they may have acquired a lien by legal or equitable proceedings or by voluntary conveyance."

The second sentence above quoted is the amendment referred to. In Mason, etc. v. Scruggs, 207 Ky. 66, the court, after quoting the statute, said:

"We have, in this case, presented to us squarely for the first time since its passage the effect to be given to this amendment to the statute. After a careful consideration of the matter, with special reference to the evils sought to be remedied and the

evident purpose of the legislature in passing this amendment, we have come to the conclusion that the expression 'all creditors' therein means subsequent creditors whether they be secured or unsecured and such antecedent creditors who at some time prior to the recording of the mortgage or deed of trust have secured some equity in the property.''

By antecedent creditors are meant those whose debts were created before the debtor made the transfer which was not lodged for record. By subsequent creditors are meant those whose debts were created after the debtor made the transfer and before the transfer was lodged for record. Cutler v. Huston, 158 U. S. 423; Evans v. Wheeler, 208 Ky. 1. By the act the unrecorded or pocket transfer in cases where the instrument may be recorded is made of no effect as to all subsequent creditors, although they have acquired no lien on the property; in order that their debts created when the debtor was the ostensible owner of the property may not be defeated by a secret transfer of which they had no notice, Wicks v. McConnell, 102 Ky. 434, and Clift v. Williams, 105 Ky. 559.

Appellant's debt was created while the husband had the title of record to the land. There was nothing on the record to indicate that the wife had any interest in it; they had no notice of her equity, and while the husband so held the title and two years after the bond to the wife was given the husband made the contract with appellants, out of which his debt to them originated; the debt was created while he still held the title and no change was made in the record until he had fallen in debt to them and they were seeking to collect the debt from him. Under such circumstances the secret equity of the wife by reason of the bond or the facts inducing its execution cannot under the present statute prevail against the creditor. It remains to determine whether the deed made November 23, 1920, pursuant to the bond is valid. The deed bears date December 27, 1917, and was presumably written then. The original bond is in the record. It is written on a typewriter, the date December 30, 1917, is written in pen and ink and is reasonably the date it was signed. The bond provides that "the deed is to be completed as soon as is possible to do so." But although the deed was then drawn, it was not completed for practically three years. No reason for this long delay is shown.

So the only reasonable conclusion is that either the parties concluded then not to make the deed or at least to leave the title for the present in the husband to give him credit in his business. While things thus stood he went into the tobacco business with plaintiffs and incurred the debt sued for. Months after the business was closed and the debt had been incurred and after plaintiffs were pressing him for the debt, he executed the deed to his wife conveying to her all the property he had subject to execution, or practically all. Section 1906, Kentucky Statutes, provides:

"Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to delay, hinder or defraud creditors, purchasers or other persons, and every bond, or other evidence of debt given, action commenced or judgment suffered, with like intent, shall be void, as against such creditors, purchasers and other persons. This section shall not affect the title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor."

The facts leave no room for doubt that the deed was made by the husband with intent to hinder and delay the plaintiffs in the collection of their debt. The wife stands in no better attitude. With the bond in her hands calling for the execution of the deed as soon as possible and the deed actually drawn and ready to be signed, to give her husband credit she allowed him to continue the owner of record of the land and so to enter the tobacco business with plaintiffs and incur the debt sued for. After standing by in this way for three years to give him credit she cannot maintain that she is an innocent purchaser within the meaning of the statute, but must be held to have accepted the deed with notice of the facts, and the deed must be held invalid under the statute. To sustain the deed under such circumstances would be in effect to uphold the unrecorded bond against the subsequent creditors and give no effect to these words of the statute, "all creditors irrespective of whether they have acquired a lien," in cases where the transfer should by law be of record.

As the property is the husband's homestead, to this extent the conveyance to the wife was valid, and the deed to her should be upheld to the extent of the homestead.

There is no cross-appeal by R. A. Perkinson, although it is complained in the brief that the judgment against him is unwarranted by the evidence. This question is not before us in the absence of a cross-appeal. It it also complained by the appellants that the chancellor erred in allowing him two credits. But this was simply a question of fact, and on the whole record we see no reason for disturbing the chancellor's finding on the credits allowed.

Judgment reversed and cause remanded for a judgment for a sale of the land as above indicated.