## Union Bank and Trust Company v. Ponder, et al.

### (Decided June 3, 1927.)

### Appeal from Bath Circuit Court.

1. Pleading.—Under Civil Code of Practice, section 101, a departure occurs only in a reply, and an amendment to a petition changing the cause of action is not, technically, a "departure."
2. Pleading.—An amendment to the petition changing a case from one under Ky. Stats., section 1906, providing for creditors' action to defeat fraudulent conveyances, to one under section 496, making an unrecorded deed void against a vendor's creditors, held to change the cause of action.
3. Pleading.—The trial court has a broad discretion in allowing amendments to be filed.
4. Pleading.—Allowing an amendment changing the cause of action from one under Ky. Stats., section 1906, against fraudulent conveyances, to one under section 496, making an unrecorded deed void against vendor's creditors, held not an abuse of chancellor's discretion where defendants were permitted to controvert changed

cause of action, and their own proof substantiated the allegations of the amended petition.

5.    Fraudulent Conveyances.—Where husband deeded property to his wife for consideration long before he contracted debt but the deed was recorded subsequently to the time when the debt was contracted, held that the conveyance was void as against his creditor, under Ky. Stats., section 496.

6.    Fraudulent Conveyances.—In action to subject land to a debt, although the deed by which the debtor conveyed the property to his wife was held void, under Ky. Stats., section 496, because not recorded before the debt was contracted, held that the debtor and his wife might nevertheless reserve a homestead out of that tract on which they resided.

FORMAN & FORMAN and G. C. EWING for appellant.

D. W. DOGGETT for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In May, 1924, the appellant recovered a judgment against the appellee W. H. Ponder and others in the sum of $600, with interest and costs. An execution issued on this judgment was returned, "No property found." Thereafter the appellant brought this suit against the judgment debtors and the wife of W. H. Ponder, the appellee Virgie Ponder, for a discovery. As to the Ponders, appellant averred that W. H. Ponder had conveyed certain property to his wife without any consideration and for the fraudulent purpose of defeating his creditors. It prayed that this deed be set aside and the land subjected to its debt. The Ponders traversed the allegations that the deed had been made to Mrs. Ponder without consideration and for a fraudulent purpose, and affirmatively alleged that Mrs. Ponder had paid full value for the land in question. After proof had been taken, the appellant was permitted, over the Ponders' objection, to file an amended petition, in which it averred that the deed which Ponder made to his wife had never been recorded until after Ponder had become indebted to it, and that the appellant had become Ponder's creditor in entire ignorance that he had ever made a deed to his wife. This amended petition was controverted of record. On final submission, the chancellor dismissed the appellant's petition in so far as it sought to subject the land in question to its debt, and from that judgment this appeal is prosecuted. The facts

are these: In February, 1923, Ponder, who, so far as this record shows, was then solvent, deeded two adjoining tracts of land to his wife. One of these tracts contained 835 acres, and the other 100 acres. There were a house and outbuildings on each of these tracts. About 50 acres of the land in question was tillable, the rest of it being wild mountain land from which most of the valuable timber had been removed. Ponder and his wife claimed that the consideration for this transfer was $1,500, and that this was all the land was worth, but the preponderance of the evidence shows that this land was probably worth, at the time of the transfer in question, in the neighborhood of $4,000. Its value, however, is not a material question in this case as we view the controlling issue. Mrs. Ponder did not put this deed to record for some reason best known to her until September, 1923. On June 19, 1923, Ponder, with others, indorsed the note of M. L. Crouch in the sum of $600, and this note not being paid when it fell due the following October, suit was ultimately brought upon it and judgment went against the makers and indorsers in May, 1924, as before stated. The appellant's theory of this case at first was that the conveyance from Ponder to his wife was made without consideration and for the fraudulent purpose of defeating Ponder's creditors, and therefore void under section 1906 of the Kentucky Statutes. However, as the evidence showed that Ponder was thoroughly solvent at the time he made this deed and owed no debts, and that the debt of appellant was not then in contemplation nor was it incurred until long thereafter, it is plain that the proof failed to establish the cause of action asserted.

Appellant, realizing this, by amended petition sought to have the deed declared void under section 496 of the Statutes. The Ponders objected seriously to the filing of this amended petition on the ground that it was a departure from the original cause of action. Technically, of course, it was not a departure, since a departure occurs only in a reply or subsequent pleading. Civil Code, section 101.

But it was a different cause of action from that set up in the original petition. The trial court has a broad discretion in allowing amendments to be filed. Appellees were permitted to controvert this amended petition of record. They asked no further time within which to take proof on the new cause of action set up. Appellees' own proof substantiated the allegations of the amended peti-

tion. We do not think the chancellor abused a sound discretion in permitting the amended petition to be filed. That the appellant was entitled to recover under its amended petition is settled by the case of Larimore v. Perkinson, 208 Ky. 382, 271 S. W. 69. This case cannot be distinguished from the Larimore case.

Appellees insist, however, that, in the event the deed of Ponder to his wife is declared void so far as the appellant is concerned, then they are entitled to a homestead out of that tract on which they reside. In this they are correct and on the return of this case they will be permitted to set up their claim to such homestead.

Judgment reversed with directions to enter a judgment declaring the attacked deed void as against the appellant's claim, but with permission on the part of the appellees to set up their claim to a homestead right in the tract of land on which they reside.