## O. L. Stanard Dry Goods Company et al. v. Campbell et al.

(Decided September 27, 1929.)

WILSON & WILSON for appellants.

J. T. BOWLING for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The O. L. Stanard Dry Goods Company et al., whom we shall call the plaintiffs, are asking this court for relief denied them in the trial court.

On May 15, 1926, the plaintiffs sued C. E. Campbell and A. B. Engle, partners as Campbell & Engle, and obtained attachments, which, on August 7, 1926, were levied upon certain land in Leslie county as the property of A. B. Engle. Certain papers and dates figure so promi-

nently in this record that we shall give them chronologically according to the date of their filing in Leslie county court.

a    Deed from Isaac Young to A. B. Engle, dated March 23, 1926, recorded March 29, 1926.

b.    Lis pendens notice of attachments filed August 5, 1926.

c.    Deed from A. B. Engle to J. R. Hendricks, dated March 23, 1926, recorded August 16, 1926.

d.    Deed from J. R. Hendricks to N. C. Crawford, dated March 20, 1928, recorded May 14, 1928.

After the levy of these attachments, plaintiffs amended their petition, set up the claim J. R. Hendricks was making to this land, and made him a party. Hendricks in his answer alleged he was in possession of this property, and that, when A. B. Engle bought it of Young, he did so as the agent of Hendricks, and that the conveyance from Engle to Hendricks was made for the purpose of carrying out this agency. Reply put all this in issue.

The issue relative to possession appears to have been made in an effort to shelter under the ruling in Stone v. Keith, 218 Ky. 11, 290 S. W. 1042, and the issue relative to agency was made in an effort to avoid the rules announced in Larimore v. Perkinson, 208 Ky. 382, 271 S. W. 69, Union Bank & Trust Co. v. Ponder, 220 Ky. 365, 295 S. W. 140, Bradshaw v. Dunlap, 217 Ky. 644, 290 S. W. 501, and Mason v. Southern Deposit Bank, 229 Ky. 728, 17 S. W. (2d) 1022.

Hendricks failed to record his deed until 11 days after the lis pendens notices of the attachments were filed, and he had to do something to avoid the effect of section 496 of the Kentucky Statutes. There is a total failure of proof relative to the possession claimed by Hendricks. The proof relative to the purchase of this land by Engle as the agent of Hendricks is very unsatisfactory.

The deed from Young to Engle recites a cash consideration of $436. The deed from Engle to Hendricks recites a cash consideration of $836. Engle now says Hendricks paid him nothing. Hendricks admits he paid no money, but claims N. C. Crawford paid Engle $425, and that he owes Crawford $212.50 balance on this $425, and that he has conveyed Crawford the coal under this land for the other $212.50, and there is in the record such a deed, dated March 20, 1928. Crawford says he paid Engle this $425.00 in cash on March 24, 1926. Engle

claims he kept the most of this $425, and that he let Young have some money, some bacon, a cow, some hogs, and other things. He was unable to say how much money, except it was less than $100, and was unable to say how much he paid in hogs, cow, bacon, etc.

There is in the record a credit statement, with Engle's name to it, wherein he claimed on May 12, 1926, he was the owner of this land. Engle's statement relative to this signature is unsatisfactory. There is absolutely no explanation of why the deed from Young to Engle should recite a cash consideration of $436, and the deed from Engle to Hendricks $836. This is clearly a fraudulent effort to help Engle conceal his property.

The judgment is reversed, with direction to adjudge Hendricks took this land subject to these attachments, to adjudge the O. L. Stanard Dry Goods Company et al. to have liens on this land, and to sell same in satisfaction thereof.