**In re NOBLE.**

No. 22913.

District Court, W. D. New York.

July 18, 1936.

Charles P. Williams, of Lyons, for the motion.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Joseph J. Doran, of Rochester, N. Y., of counsel), opposed.

RIPPEY, District Judge.

This matter comes on for review of an order of the referee directing the United States government to furnish bills of particulars on two claims filed by the government, one for taxes and the other for breaches of the conditions of certain bonds attached to the claim.

On July 15, 1935, Frank J. Shaughnessy, as collector of internal revenue for the Twenty-first Collection District of New York, filed a claim duly verified on June 18, 1935, for tax on 140,492 gallons of alcohol manufactured by the bankrupt and for three small items of wholesale liquor dealers taxes for seven months expiring June 30, 1933, the twelve months expiring June 30, 1934, and the twelve months expiring June 30, 1935, respectively, aggregating $226,-016.85, with interest at the rate of 1 per cent. per month from June 28, 1935, and claimed priority "for the payment of taxes being fully determined by section 3466 of the Revised Statutes [31 U.S.C.A. § 191], and section 64a of the Bankruptcy Act [as amended, 11 U.S.C.A. § 104 (a)]." In the verified claim attention is also called to section 3467 of the Revised Statutes (31 U.S.C.A. § 192) on the question of priority.

The second claim was filed by John H. Flynn, as district supervisor of the Alcohol Tax Unit, Bureau of Internal Revenue, Treasury Department of the United States, for $58,000 on or about October 29, 1935. The proof of claim here likewise complies with all requirements of the Bankruptcy Act. The proof indicates that the claim is founded upon the breach of condition of three bonds posted by the debtor, conditioned for the faithful performance of a permit and renewal thereof issued by Flynn on behalf of the United States and permitting the withdrawal, tax free, of specially denatured alcohol, the penal sums mentioned in said bonds being, respectively, $22,000, $18,000, and $18,000.

Previous to action upon either claim by the referee, an order was issued on the application of the trustee on February 11, 1936, (1) directing the claimant Shaughnessy to show cause why an order should not be made directing him to furnish a bill of particulars in various respects, (2) directing claimant Flynn to show cause (a) why his claim should not be expunged on the ground that it was not filed within the time prescribed by section 57n of the Bankruptcy Act, as amended (11 U.S.C.A. § 93 (n), or (b) if not expunged, why a bill of particulars thereof should not be ordered, and (3) if bills of particulars were ordered in either case, why the claim of the claimant ordered to file the bill should not be expunged in the event he should fail to comply with the order. The ground urged for this relief was, in substance, that the claimants did not set up sufficient facts in the claims as filed to enable other creditors to investigate and the referee to pass upon the fairness and legality of the claims. A return was made before the referee to such order to show cause in each case, in which the jurisdiction of the court to direct the furnishing of bills of particulars was challenged, and it was asserted that the claimants had complied in all respects with the provisions of the Bankruptcy Law in the matter of the preparation and filing of the claims. The referee overruled the objections raised as to jurisdiction, held that the Flynn claim was filed in time, and ordered a bill of particulars in each case, in which each claimant was required to furnish particulars as to his claim covering substantially every item of evidence which would be necessary to enable the claimant to establish his claim in the event issues were raised as to allowability, if objections were filed thereto.

No objections have been filed by the trustee to the allowance of either claim.

The law is well settled that where the proof of claim complies in all respects with the provisions of section 57 of the Bankruptcy Act, it constitutes prima facie evidence of the validity of the claim [Whitney v. Dresser, 200 U.S. 532, 26 S.Ct. 316, 50 L.Ed. 584] and is sufficient, on behalf of the claimant, to overcome unsupported formal objection [Rasmussen v. Gresly (C.C.A.) 77 F.(2d) 252]. Had objections been filed in good faith and sufficient evidence introduced thereon to overcome the prima facie case made by the claim itself, it would have been the duty of the claimant to establish by a fair preponderance of the credible evidence (as he was required to do in the first instance) the validity of his claim. See cases, supra, and Alexander v. Theleman (C.C.A.) 69 F.(2d) 610.

There is no statutory authority nor any provision of the rules or orders in bankruptcy authorizing the court to order a bill of particulars of a claim of a creditor in a bankruptcy proceeding. The only decision called to our attention or which we have been able to find for such practice is

In re Henry Siegel Company (D.C.)·223 F. 368, where it is held by the District Judge of Massachusetts that where the proof related to an unliquidated claim, the referee had power under section 63b of the Bankruptcy Act (11 U.S.C.A. § 103 (b) to order full specifications as one step in the proceeding for the liquidation of the amount alleged to be due. Section 63b, 11 U.S.C.A. § 103 (b), provides only that "unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against the estate." It is difficult to see how it can be considered authority for the referee to order a bill of particulars of a provable claim properly filed. Its only purpose is to provide procedure for liquidating claims provable under section 63a if not already liquidated. Dunbar v. Dunbar, 190 U.S. 340, 349, 23 S.Ct. 757, 47 L.Ed. 1084; Schall v. Camors, 251 U.S. 239, 40 S.Ct. 135, 64 L.Ed. 247. We do not here pass upon the question of whether the claims in question are liquidated, and therefore provable, or unliquidated, and therefore subject to procedure for liquidation under section 63b. We hold merely that there is no authority in law for the practice of requiring a bill of particulars of the claim of a creditor, whether his claim is liquidated or not, and we have no power, by judicial decision, to establish any such practice for this district.

The procedure in the matter of the proving and allowance or contest of claims is definitely established by the act. Debts which may be proved are enumerated in section 63a. Section 57 and the general orders and official forms provide for the form, proof, and allowance of claims and procedure where objections are filed. Claims, if proved, must be allowed unless objections are filed by parties in interest. Although no objections are filed, the referee must satisfy himself of the validity of the claim and may, of course, of his own motion, require further proof if the claim is unverified or, if verified, does not present a prima facie case for allowance or, whether verified or not, if it does not set forth the facts with sufficient particularity. If the claim does not present a prima facie case or is not amended or if the necessary proof therefor is not presented after notice to present the same, the referee may disallow and expunge the claim. Collier on Bankruptcy (13th Ed.) Vol. 2, p. 1136 et seq. and cases cited; In re Clayton Magazines, Inc. (C.C.A.) 77 F.(2d) 852.

No reason appears why the trustee cannot prepare and file whatever objections he may have to the claims in question. It would seem that one of the specifications of objection might properly be to the effect that the claims as filed do not state facts sufficient to constitute a prima facie claim, if the trustee believes such to be the fact. If such an objection were made and sustained, it would result in the disallowance and expunging of the claim as to which it was made unless the claimant should be allowed to amend and should file his amendment within the time allowed by the referee.

Only one other consideration needs attention here, in view of the decision to send the matter back for further consideration. It is possible that the referee made his order on the theory that the New York state practice governed. The Conformity Act (28 U.S.C.A. § 724) does not apply to practice in bankruptcy cases. In addition to that, the Bankruptcy Act, together with the rules and general orders, lays down a definite practice which would bar following state practice if it were otherwise available.

If this were a case where state practice were authorized, a party could not be compelled to furnish to his adversary by way of a bill of particulars the evidence upon which he must rely to prove his claim. The office of a bill of particulars has frequently been stated to be to amplify or limit the pleading served to the end that the proof offered at the trial may be limited and addressed only to the questions arising upon the pleading as thus amplified or limited, and that surprise and needless preparation may be avoided. It will not be ordered where the effect is merely to make the complaint more definite and certain. Hespe v. Corning Glass Works (D.C.) 9 F.Supp. 725. The ends of justice here especially require that the government should not be required to disclose the details of its evidence in support of the claims pending the filing of formal objections, at least, or the trial of the issue raised by such objections, in view of the fact that the debtor is under indictment arising out of the transactions on which the two claims are founded.

In any aspect of the case, the orders were so broad as to require the government to furnish the evidence upon which it will be required to rely to establish its claim. For example, under the order requiring particulars as to both claims, the claimants were required in general to fur-

nish an itemized statement of the alcohol alleged to have been manufactured, stating the days and dates on which and the place or places where such manufacture occurred, giving the quantity so manufactured on each date and the use or disposition of each such quantity and the person or persons to whom the same was delivered and a particular statement of the way, manner, and means of such manufacture, the process used, the kind of alcohol manufactured, and the material or substance used therefor. In addition, under the Flynn claim, claimant was required to furnish a statement of the way, manner, and means of each diversion of alcohol and the kind and description of the alcohol so diverted and an itemized statement of the tax or taxes alleged to have been assessed, showing in detail and in items that part thereof alleged to be for a tax and that part thereof alleged to be for a penalty or penalties. The Flynn claim, upon its face, purports not to be for a tax at all. The details of the claim are fully set out. It thus appears that even though state practice were permissible in relation to the furnishing of a bill of particulars, the orders are too broad and would require modification.

For the reasons above stated, it is our opinion that the referee did not have jurisdiction to make the order of February 27, 1936, directing the filing of a bill of particulars, and I answer the question certified in the negative. Therefore the order is reversed and the matter remanded to the referee with instructions to proceed in accordance with this opinion and as the parties may be further advised.