## COX v. GATLIFF COAL CO.
### No. 194.

District Court, E. D. Kentucky.
Nov. 17, 1943.

R. L. Pope, of Harlan, Ky., and C. B. Upton, of Williamsburg, Ky., for plaintiff.

Tye & Siler and H. C. Gillis, all of Williamsburg, Ky., and R. L. Smith, of Corbin, Ky., for defendant.

FORD, District Judge.

This action is for the recovery of wages, overtime compensation and liquidated damages aggregating approximately $13,000 alleged to be due plaintiff under the Fair Labor Standards Act. The case was removed here from the state court.

The principal question presented by motion to remand is whether the right of removal under section 28 of the Judicial Code, 28 U.S.C.A. § 71, is precluded by the provision of section 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b), which authorizes an action of this character to be "maintained in any court of competent jurisdiction".

So far as I am aware, this question has not been considered by the Supreme Court or any of the Circuit Courts of Appeals, although in Mid-Continent Pipe Line Co. et al. v. Hargrave, 129 F.2d 655, the Circuit Court of Appeals of the Tenth Circuit, without questioning removal jurisdiction, affirmed the action of the District Court in entertaining jurisdiction of a suit under the Fair Labor Standards Act which was removed from a state court. There is diversity of opinion on the question among the district courts, some of them holding that, by authorizing the action to be so "maintained", Congress manifested its intention to abrogate, pro tanto, the right of removal of cases arising under the Act while others find no such intention implicit in the phraseology of the Act. The divergence of judicial opinion on the subject leads the plaintiff to urge remand of the case under the rule, sometimes applied in this Circuit, that substantial doubt as to jurisdiction of a removed case should be resolved in favor of remand. Breyman v. Pennsylvania, O. & D. R. Co., 6 Cir., 38 F.2d 209, 212; Siler v. Morgan Motor Co., D.C.E.D.Ky., 15 F.Supp. 648; Garner v. Mengel Co., D.C.W.D.Ky., 50 F.Supp. 794. I am of the opinion that this rule is not applicable where, as in this case, decision upon the motion to remand requires interpretation of an Act of Congress. Statutory interpretation is a judicial function which, when properly invoked, the court may not abdicate. Compare Meredith et al. v. City of Winter Haven, 64 S.Ct. 7, 88 L.Ed. ——, opinion delivered November 8, 1943; Hyde v. Stone, 61 U.S. 170, 175, 20 How. 170, 175, 15 L.Ed. 874; Chicot County v. Sherwood, 148 U.S. 529, 534, 13 S. Ct. 695, 37 L.Ed. 546; Kline v. Burke Const. Co., 260 U.S. 226, 234, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077.

I am in full accord with the cogent reasoning of District Judge Wyche in Owens v. Greenville News-Piedmont, D. C., 43 F.Supp. 785, as well as his conclusion that the language of section 16(b) of the Act may not be interpreted to limit or amend the provisions of the Removal Statute. To hold otherwise would seem to disregard cardinal principles of statutory con-

struction. United States v. Borden Co., 308 U.S. 188, 198, 60 S.Ct. 182, 24 L.Ed. 181; Posadas v. National City Bank, 296 U.S. 497, 503, 56 S.Ct. 349, 80 L.Ed. 351.

The argument advanced by plaintiff and supported by several district court opinions that, since state and federal courts are vested with concurrent jurisdiction of suits of a civil nature arising under the laws of the United States, except where Congress has expressly limited jurisdiction to the federal courts, the provision of the Act authorizing actions thereunder to be "maintained in any court of competent jurisdiction" is superfluous and without significance unless it be interpreted as intended to amend or repeal, pro tanto, the Removal Statute, is not impressive. Section 16(b) of the Act makes an employer liable to his employee not only for unpaid wages but also "in an additional equal amount" and for "a reasonable attorney's fee". Section 256 of the Judicial Code, 28 U.S.C.A. § 371, vests exclusive jurisdiction in the courts of the United States "of all suits for penalties and forfeitures incurred under the laws of the United States". By explicitly providing for concurrent jurisdiction of state courts it was obviously the purpose of Congress to dissipate any doubt as to the right and duty of state courts to entertain jurisdiction of suits arising under the Act, even though the extra recovery authorized should be judicially determined to be in the nature of a penalty or forfeiture within the meaning of section 256 of the Judicial Code, 28 U.S.C.A. § 371.

■■■ Another ground upon which plaintiff relies to sustain his motion to remand is that the petition for removal was not timely filed in the state court. Although the original action was removable on the ground of diversity of citizenship, no petition for removal was filed within the time provided by the state law to answer the original petition as required by the Removal Statute, 28 U.S.C.A. § 72, and defendant thereby waived its right to remove the case set up in the original petition. But the claim stated in the original petition involved only an alleged contract between District No. 19 United Mine Workers of America, of which plaintiff claimed to be a member, and the Southern Appalachian Coal Operators' Association, of which it was charged the defendant was a member. It was alleged that the contract, a copy of which was filed as an ex-hibit, governed the wages and work time of the plaintiff and other employees of the defendant, and plaintiff sought judgment for the balance alleged to be due under the wage schedule provided by the contract and nothing more. There was no allegation to the effect that the parties were engaged in interstate commerce or in producing goods for such commerce. No reference was made to any subsisting rights under the Federal Fair Labor Standards Act or any other federal law and nothing was disclosed to show that the Fair Labor Standards Act was in any respect applicable to the plaintiff's claim or that the plaintiff relied upon it.

The defendant filed a special demurrer to the original petition. Before the demurrer was passed upon, plaintiff, with leave of court, filed an amended petition alleging, in substance, that during the period of his employment, the defendant was engaged in interstate commerce and that plaintiff's wages and hours of employment were governed by the provisions of the Fair Labor Standards Act of 1938, by virtue of which he asserted the right to recover the wages and overtime compensation as provided by the Act and an equal amount as liquidated damages, together with reasonable attorney's fee. Thereupon, the defendant, with reasonable promptness, filed its petition and bond for removal upon the ground that the amended petition presented a controversy arising under the Constitution and laws of the United States.

Facts essential to support a claim under Federal law were, for the first time, disclosed by the amended petition. This was not a mere amplification of the original cause of action but constituted a new and distinctly different case from that originally stated. It rests upon an entirely new ground in point of law as well as fact. Union Pac. R. Co. v. Wyler, 158 U.S. 285, 15 S.Ct. 877, 39 L.Ed. 983. Under the liberal rule prevailing in Kentucky, departure by amendment is permissible when not prejudicial. It is none the less a new case in its nature and effect. Union Bank & Trust Co. v. Ponder, 220 Ky. 365, 295 S. W. 140.

In Henderson v. Midwest Refining Co., 10 Cir., 43 F.2d 23, 25, the court dealt with a similar situation saying: "Defendant apparently was content to remain in the state court on the cause of action stated in the original petition, but that seems to be no reason for denying to it its right of remov-

al of an entirely new and different cause of action pleaded in the so-called amended petition. Moreover, the time within which removal may be made is not jurisdictional, but 'modal and formal.'" To the same effect see Bon et al. v. Midwest Refining Co., D.C., 30 F.2d 410.

In respect to the new cause of action asserted by the amended petition, the application for removal was timely.

█ The plaintiff's contention that after defendant's application for removal was denied by the state court, over the objection of the defendant, by participation in subsequent proceedings in the state court, the defendant waived its right to have the cause litigated in the federal court is clearly without merit. Metropolitan Casualty Ins. Co. v. Stevens, 312 U.S. 563, 568, 61 S.Ct. 715, 85 L.Ed. 1044.

For the reasons stated, I am of the opinion that this case was properly removed to this court and the motion to remand should be denied.